**STATE OF LOUISIANA**
**COURT OF APPEAL, THIRD CIRCUIT**

**08-805**

J. M. Y.

**VERSUS**

R. R.

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 08-C-1350-D
HONORABLE DONALD WAYNE HEBERT, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**ELIZABETH A. PICKETT**
**JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Michael G. Sullivan, Elizabeth A. Pickett, and Chris J. Roy, Sr.,* Judges.

**AFFIRMED.**


**Bruce Achille Gaudin**
**Attorney at Law**
**100 W. Bellevue St.**
**Opelousas, LA 70570**
**(337) 948-3818**
**Counsel for Defendant-Appellee:**
**R. R.**

**Dwight David Reed**
**Attorney at Law**
**P. O. Drawer 568**
**Opelousas, LA 70571**
**(337) 942-5191**
**Counsel for Plaintiff-Appellant:**
**J. M. Y.**

---

*Honorable Chris J. Roy, Sr., participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**PICKETT, Judge.**

The plaintiff, J.M.Y.,[**] appeals a judgment of the trial court granting exceptions of no right of action and no cause of action and dismissing his suit.

## STATEMENT OF THE CASE

J.M.Y. and A.F.Y. were married when A.F.Y. gave birth to a son in 1994. J.M.Y. and A.F.Y. later divorced, and J.M.Y. was ordered to pay child support. On March 7, 2008, J.M.Y. filed suit against R.R. alleging that R.R. was the biological father of the child born during the marriage. J.M.Y. claimed that he is entitled to reimbursement from R.R. for the child support payments he has made. J.M.Y. filed an amended petition on April 9, 2008, to add A.F.Y. as a defendant and sought to have R.R. submit to testing to determine if he is the biological father of the child. In addition to reimbursement from R.R. for past child support payments, he sought reimbursement from A.F.Y. for past child support payments and from both R.R. and A.F.Y. for future child support payments.

R.R. filed exceptions of no cause of action and no right of action. The trial court held a hearing on May 27, 2008, and granted the exceptions. A judgment in conformity with the trial court's ruling was signed on May 29, 2008. J.M.Y. now appeals.

## ASSIGNMENT OF ERROR

The plaintiff-appellant, J.M.Y., asserts one assignment of error:

> The Court erred when it granted Defendant's Exception of No Right of Action or Cause of Action.

---

[**]We have used initials throughout the opinion to protect the identity of the minor child.

1

## DISCUSSION

The supreme court discussed the standard of review of an exception of no cause of action in *Fink v. Bryant*, 01-0987, pp. 3-4 (La.11/29/01), 801 So.2d 346, 348-349 (citations omitted):

> The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. The peremptory exception of no cause of action is designed to test the legal sufficiency of the petition by determining whether [the] plaintiff is afforded a remedy in law based on the facts alleged in the pleading. No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. The exception is triable on the face of the papers and for the purposes of determining the issues raised by the exception, the well-pleaded facts in the petition must be accepted as true. In reviewing a trial court's ruling sustaining an exception of no cause of action, the appellate court and this Court should subject the case to *de novo* review because the exception raises a question of law and the trial court's decision is based only on the sufficiency of the petition. Simply stated, a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief.

This court discussed the standard of review of an exception of no right of action in *Mississippi Land Co. v. S & A Properties II, Inc.*, 01-1623, pp. 2-3 (La.App. 3 Cir. 5/8/02), 817 So.2d 1200, 1202-03 (citations omitted):

> An exception of no right of action has the function of determining whether the plaintiff has any interest in the judicially enforced right asserted. The function of this exception is to terminate the suit brought by one who has no judicial right to enforce the right asserted in the lawsuit. The determination of whether a plaintiff has a right of action is a question of law. Accordingly, we review exceptions of no right of action *de novo*.

Evidence can be admitted to support the allegations in a exception of no right of action, but if no evidence is offered the court must decide the exception solely on the basis of the plaintiff's allegations. *Indus. Co., Inc. v. Durbin*, 02-0665 (La.1/28/03), 837 So.2d 1207.

2

"The husband of the mother is presumed to be the father of all children born or conceived during the marriage." Former La.Civ.Code art. 184. At the time of the child's birth in 1994, J.M.Y. had 180 days from the time the husband "learned or should have learned" about the birth of the child to file a suit to disavow paternity. Former La.Civ.Code art. 189. He failed to do so, and his action for disavowal is perempted. *See Pounds v. Schori*, 377 So.2d 1195 (La.1979). (Under current law, as amended in 2005, there is a one year liberative prescription period for filing a disavowal action.)

J.M.Y. does not seek to disavow his child. Instead, he seeks to be reimbursed for his child support obligation by R.R. He cites La.Civ.Code art. 227 to support his claim against R.R. Article 227 states:

> Fathers and mothers, by the very act of marrying, contract together the obligation of supporting, maintaining, and educating their children.

In his brief, J.M.Y. argues that this article applies with equal force to biological fathers and presumed fathers. He further argues that nothing in the law prevents him from being reimbursed for child support payments from R.R., whom he claims is the biological father of the child.

Because J.M.Y. is presumed to be the father of the child, he has an obligation to support the child. While J.M.Y. alleges R.R. may be the biological father of the child, that fact, if established may not extinguish the obligation of J.M.Y. to support the child.

In *Gallo v. Gallo*, 03-0794 (La. 12/3/03), 861 So.2d 168, a man sued his ex-wife to recover money he paid as child support for a child born during the marriage

3

that he learned years later was not his biological daughter. The supreme court denied

his claim for reimbursement. In its opinion, the supreme court stated:

> Proper analysis recognizes that it is not the adults but the child who is at the center of this unfortunate controversy. A father's obligation to support his children is a "primary, continuous obligation," based during marriage on parental authority and after divorce on tutorship. BLAKESLEY, LOUISIANA FAMILY LAW § 16.02 at 16-5. The child is the veritable creditor of each parent's unilateral obligation for the child's upbringing with the special expenses it entails. *Id*. at 16-6. This father-child relationship between Mr. Gallo and M.L.G. did not end with blood testing that showed Mr. Gallo was not the biological father of M.L.G. He remained her legal presumptive father and was identified as such in the three-party acknowledgment. Fatherhood rests on something more than genes. *See, T.D. v. M.M.M.*, 98-0167 at 2 (concurring opinion), 730 So.2d at 878, *citing Lehr v. Robertson*, 463 U.S. 248, 103 S.Ct. 2985, 77 L.Ed.2d 614 (1983). Furthermore, Louisiana has recognized dual fatherhood. In *Smith v. Cole*, 553 So.2d 847, 854, (La.1989), this court held that the failure of the husband of the mother of the child to exercise his right to disavow paternity timely established the child as his legal and legitimate child. The legal tie of paternity would not be affected by subsequent proof of the child's actual biological tie. This court specifically held that although the child was conclusively presumed to be the husband's legitimate offspring, the biological father could not escape his support obligations. The question of whether the legal, presumed father also shared in the support obligation was not before the court, and this court declined to hold the legal father will, in all factual contexts, be made to share the support obligations with the biological father and the mother. *Id*. at 855.

*Gallo*, 861 So.2d at 178 (footnote omitted).

In *Smith*, 553 So.2d 847, the mother of a child brought a filiation action against

her child's biological father. The biological father claimed that the fact that there was

a legal father extinguished his obligation to support the child. The supreme court

held that even where there is dual paternity (a legal father and a biological father), the

legal father's obligation to support the child does not extinguish the biological

father's obligation to support the child. The court did not decide whether the

opposite was true, i.e., whether the biological father's obligation to support the child

extinguishes the legal father's support obligation. The court stated: "The question of

4

whether the 'legal' father in this case also shares the support obligation is not before the court. We decline for now to hold the legal father will, in all factual contexts, be made to share the support obligations with the biological father and the mother.[8]" *Id.* at 855. The footnote states:

> The best interest of the child should be considered in determining whether the court in a given case will impose the obligation of support on the person who, by virtue of Article 184, is conclusively presumed to be the father of the child. While LSA-C.C. art. 227 may provide the basis for such an imposition on the legal father, the fact that there is a biological father capable of providing support cannot equitably be ignored.

*Id.*

The matter before us, however, does not involve an issue of dual paternity. Although J.M.Y. alleges R.R. is the biological father, he never filed a disavowal action. R.R. has not acknowledged paternity. Louisiana Civil Code Article 198 gives a man one year from the date of the child's birth to establish paternity if another man is presumed to be the child's father. That was never done. Therefore, J.M.Y. is the child's legal father. *Smith*, 553 So.2d at 854-55. Louisiana Civil Code Article 197 states that a child may institute an action to prove paternity, yet A.F.Y. has never filed a filiation action on behalf of the child.

The trial court was correct in its determination that there is no cause of action under Louisiana law for a legal father to demand reimbursement for child support he has paid from an individual who has never been established to be the biological father. The trial court was correct in finding J.M.Y. has no right of action as well.

We affirm the ruling of the trial court in all respects. Costs of this appeal are assessed to the plaintiff-appellant.

**AFFIRMED.**