PROYOSTY, J.
In 1898 certain lots in the city of New Orleans belonging to Louis Sportono, whose succession is now plaintiff, were adj'udieated to the state at tax sale. In 1900, while the property belonged to the *1033 state, the city caused, it to be offered for sale to satisfy taxes due her, and at this sale the defendant Howcott became the adjudicatee. Title was not made to him, however, until August, 1802. In the meantime a sidewalk had been constructed around the square, and a contractor’s privilege had accrued against the lots for their share of the cost of the work. A few months after receiving his title — that is to say, in December, 1902 — Howcott redeemed the property from the state, Sportono, not having the money wherewith to redeem the property from Howcott, suggested to the attorneys of the sidewalk contractor that the latter do so, and accordingly Mr. Walshe, one of the attorneys, called upon the defendant Howcott for that purpose. He was ready to pay whatever amount might be required for the redemption, but did not know what it was. Howcott recognized the right to redeem, and said that he would dispense with a regular tender, and would let Mr. Walshe know later what the required amount was. At the request of Mr. Walshe, Howcott put this promise in writing, and it reads, as follows:
“New Orleans, Aug. 19, 1903.
“Messrs. Buck, Walshe & Buck, Attorneys, Masonic Temple, Oity.
“Dear Sir: Referring to your application to redeem the property purchased by myself at tax sale, second district, in the name of Louis Sportono, I beg leave to state that I am unable to give you the figures for some days to come as I cannot put my hands on the redemption from the state, owing to the fact that they were in charge of my stenographer, who is now absent.
“Please retain this letter as a guarantee that your right to redeem is recognized and will be enforced.
“Yours truly, [Signed] W. H. Howcott.”
Within a few days Howcott furnished a statement, but it was not satisfactory, and he promised to furnish another. Mr. Walshe waited for the latter statement; but it never came, and matters remained in that condition until the filing of the present suit. Howcott testifies that he understood that his agreement with Mr. Walshe was for the exclusive benefit of Mr. Walshe’s client, the sidewalk contractor; but in this he is contradicted by Mr. Walshe, and also by his hereinabove transcribed letter, which recites that the application to redeem is made “in the name of Louis Sportono.” Howcott says, again, that he understood that the idea of redeeming had been abandoned; but Mr. Walshe understood differently, and so testifies.
There can be no question but that the effect of the hereinabove transcribed letter was to extend the delay for redemption until Howcott should have furnished the statement in question or notified Walshe that he had changed his mind about furnishing it, and Sportono should have had thereafter a reasonable time in which to act; and Mr. Walshe testifies that to this day the statement has not been furnished, and Howcott does not claim that he ever notified Walshe, or any one, that he had changed his mind about furnishing it.
The trial court was therefore right in holding that plaintiff was still in time to redeem.
The argument .is now made in behalf of defendant that the agreement with Mr. Walshe had reference only to the city tax sale, and not to the state tax sale; but Mr. Walshe’s offer to -redeem was made after the redemption from the state, and therefore, presumably, had reference to the tax sale of the state, as well as to that of the city. And the statement which Howcott furnished of the amount required to redeem shows that it did, since it includes the amount paid to the state for effecting the redemption. Moreover, the act which Mr. Walshe carried with him to be signed by Howcott in case the redemption was effected expressly recites, and the hereinabove transcribed letter also expressly recites, that the redemption is also from the state tax sale.
Judgment affirmed.
LAND, J., takes no part, not having heard the argument.