BOWES, Judge.
The defendant, Oliver Woodland, appeals a decision of the trial court declaring a tax redemption deed issued to him by the Town of Lutcher null and void and declaring plaintiff to be the owner of the property in question. We reverse.

FACTS

Defendant’s house was sold by the Town of Lutcher to plaintiff, Jerry Becnel, for nonpayment of property taxes on August 17, 1988. The sale was recorded on August 29, 1988.
During the last week of August, 1991 Mr. Woodland and St. James Bank and Trust *90 Company, the holder of the mortgage on Mr. Woodland’s home discovered that the property had been sold for taxes. On August 29, 1991, Mr. Woodland went to the town of Lutcher to redeem his property. He requested the amount necessary to redeem his property and was told by the town employees that they did not have the exact figures in hand, but they would “get them as soon as [they] could.” Mr. Woodland testified that, on the August 29th visit, he was ready to and he wanted to pay the redemption amount.
A. I went to the town hall.
Q. You went there yourself?
A. Yes.
Q. And why did you go there?
A. To find out how much my taxes was.
Q. And were you prepared to pay that amount?
A. I had money in my pocket.
Q. And who did you speak to when you went to (the) town hall?
A. Ms. Turley.
Q. Ms. Turley. And what did you ask her?
A. I came to pay my taxes.
Q. What was her response?
A. She told me that they was having a town meeting and that she would get the figures and give them to me later.
Mr. Woodland then told Mr. Otis Schex-nayder, of the St. James Bank and Trust, that he was unable to obtain the redemption figures.
Mr. Schexnayder testified that the day after Mr. Woodland went to the Town Hall, on August 30, 1991, he personally called the town and was told that he would be given the redemption amount “as soon as they could put the figures together.”
On September 6, 1991, by written response, Mr. Schexnayder and the St. James Bank and Trust was provided the amount necessary to redeem the property. St. James Bank and Trust paid the amount and a tax redemption deed was issued to Mr. Woodland by the Town of Lutcher on that same day.
Subsequently, Mr. Becnel filed suit to quiet his tax title to the property. After trial on the merits, the court ruled in favor of plaintiff, Jerry Becnel, declaring him to be the owner of the property in question. The trial court also ruled that the tax redemption deed issued to Oliver Woodland “more than three years after the date of the tax sale is declared null and void.”

ANALYSIS

On appeal, Mr. Woodland argues that the trial court erred in finding that the redemption of his property was untimely and in declaring his tax redemption deed null and void. He contends that his attempt at redemption, made prior to the expiration of the three year redemptive period was timely.
The Louisiana Constitution of 1974, Article 7, Section 25 allows for the sale of property for unpaid taxes, and also allows for the redemption of the property:
The property sold shall be redeemable for three years after the date of recordation of the tax sale, by paying the price given, including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption. LSA-Const. Art. 7 Section 25(B).
Procedures for redemption are found in LSA-R.S. 47:2221, 2222.[1]
*91 It is well established that Louisiana law favors the redemption of property sold for taxes. Fleckinger v. Smith, 319 So.2d 881 (La.App. 4 Cir.), writ refused, 323 So.2d 131 (La.1975); Gulf Oil Corporation v. Olivier, 412 F.2d 938 (C.A. 5 1969).
Furthermore, while the redemptive process must be initiated within the three year period, it need not be completed within that time period. In Harris v. Guardian Funds, Inc., 425 So.2d 1322 (La.App. 4 Cir.1983), the court held that plaintiffs filing of a petition to redeem the property within three years of the tax sale at which defendant purchased the property was sufficient to make the property redeemable and that there was no constitutional mandate to consummate the redemption within three years.
In this case, Mr. Becnel recorded his tax deed on August 29, 1988. Thus, the three year redemptive period expired on August 29, 1991. At issue in this ease is whether the institution of redemptive proceedings by oral request made on or before August 29, 1991 is sufficient to initiate the redemptive process. We hold that it is.
We are aware, as was the court in Fleckinger, supra, that there are conflicting and important issues to be protected in this case. It is the long-standing public policy in this state to make certain and protect the title to immovable property. Harris v. Estate of Fuller, 532 So.2d 1367 (La.1988). However, the law favors tax redemptions and, in every case, equitable considerations exist in favor of the tax debtor who attempts to redeem his property. Fleckinger, supra.
After review of the circumstances surrounding this case, we believe that the law and equity favor the tax debtor, Mr. Woodland, and that the public policy to make certain title to immovable property is not disrupted by such a conclusion. The redemption of Mr. Woodland’s property was initiated prior to end of the redemptive peri- • od and the redemption was completed within a few days of its initiation.
We find that a fair evaluation of all the testimony shows the following facts. Mr. Woodland went to the town hall and asked for the figures to redeem his property on August 29, 1991, the last day available to start the redemption process with the specific intention to redeem and the necessary funds in his pocket to accomplish the redemption. He asked the clerk for the amount necessary to redeem his property. When told that the figures were unavailable at that time due to the lack of time to provide them (because of a town meeting that night) *92 on the part of the appropriate clerk, he had no way to force the personnel to give him the figures that day. Equity and fairness demand that this delay should not be assessed to his fault; nor should he lose the right to redeem because of this situation over which he had absolutely no control. He proceeded to obtain the redemption figures from the clerk, through the bank, as quickly as possible and, within a week, had executed the redemption deed. Therefore, equity and fan-play again demand that the redemption of his property, which is strongly favored by the law, be allowed and termed valid. Succession of Sportono v. Howcott, et al., 44 So. 855 (La.1907). Certainly, under the facts of this case, the title to this property is not made less certain by allowing the redemption to stand.
Accordingly, we hold that, under the circumstances of this case, Mr. Woodland’s attempt to redeem his property within the three year period, made in person and orally to the Town of Lutcher, initiated the redemption process and, that the redemptive procedure, once initiated was completed in an expeditious manner and therefore the redemption is legally valid. The trial court’s conclusion to the contrary is erroneous.
Therefore, we reverse the trial court’s judgment which declared Woodland’s tax deed null and void and which declared plaintiff to be the owner of the property and render judgment as follows:
IT IS ORDERED, ADJUDGED AND DECREED that the Tax Redemption Deed executed by the Town of Lutcher to Oliver Woodland on the 6th day of September, 1991, be and the same is hereby declared to be a valid tax redemption of the property described hereinafter and that Oliver Woodland is the sole and only owner in perfect ownership of the following described property to wit:
A certain lot of ground, together with all rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the Parish of St. James, Louisiana, at Lutcher, said lot being designated as Lot No. 28, Section “A” of Amato Subdivision, and is more fully described as follows: Lot 28, Section “A” measures 100 feet in width fronting on Central Street, with a depth between equal and parallel lines of 71.6 feet more or less, and is bounded on the west by Central Street, on the east by Corona Lot No. 4, on the north by Lot 29, Section “A” and on the south by Lot 27, Section “A”.
Being a portion of the same property acquired by Saber, Inc., from Paul Amato, et al dated March 23, 1973, recorded at COB 164, Parish of St. James, Louisiana.
Subject to restrictions and covenants placed of record by Saver, Inc. by notarial act dated June 12, 1973, recorded at COB 165, Entry No. 36774, Parish of St. James, Louisiana and amended by act dated July 27, 1973, recorded at COB 66, Entry No. 37071.
Subject to other reservations and restrictions of record.
IT IS FURTHER ORDERED that the plaintiff, Jerry Becnel, his heirs and assigns are forever enjoined from claiming or setting up any right, title or interest in and to said property or any part or portion thereof.
All costs of this appeal are rendered against appellee, Jerry Becnel.
REVERSED AND RENDERED.

. LSA-R.S. 47:2221. Right to redeem.
Property sold at a tax sale shall be redeemable in accordance with Section 25 of Article VII of the constitution of 1974. Nothing in this Section shall be construed so as to affect in any way, the principle that as to a tax debtor-owner in possession, prescription does not begin against him and in favor of the tax title purchaser until such tax debtor-owner has been first dispossessed.
LSA-R.S. 47:2222. Payments required; signature of purchaser.
A. ■ The person redeeming properly in whole or in part, shall pay all taxes assessed upon the property redeemed subsequent to the tax sale with interest at the rate of one percent per month until redeemed.
B. In all cases where two or more lots or parcels of land have been assessed as a whole without distinguishing the valuation of each lot or parcel separately and have been adjudicated as a whole to a tax purchaser in the name of any one person, the owner or any person interested personally, or as heir, legatee, creditor or otherwise, may redeem a lot or lots or parcels *91 of ground by paying to the tax purchaser the proportionate taxes due thereon together with interests, costs, and five percent penalty thereon. The person in interest shall secure a certificate signed by the assessor and approved by the tax collector of the parish in which the property is located showing the proportion of taxes due on the lot or lots or parcels of land desired to be redeemed.
C.The payment required for the redemption of immovable property adjudicated to a purchaser for taxes may be made either to the purchaser or to the tax collector making the sale or to his successor in office. Upon payment to the tax collector making the sale, or to his successor in office, the tax collector or his successor in office, as the case may be, shall immediately execute a certificate of redemption of the property sold, in which receipt of the redemption payment shall be acknowledged, and the property shall be declared duly redeemed to the tax debtor; it shall be the further duty of the tax collector, or his successor in office, to deliver the said certificate of redemption to the party redeeming the property and to cause notice of the redemption to be entered on the records of his office. All fees and costs in connection with the issuance of the certificate of redemption shall be paid by the party redeeming.
D. The purchaser of any real estate sold to pay taxes due thereon at a tax collector’s sale shall be entitled to receive from the owner or agent of such real estate, in addition to all the other requirements prescribed by law, the value of the improvements made upon such real estate by the purchaser thereof at the sale, but nothing in this Paragraph shall be construed as in any manner affecting the rights, claims, and privileges now allowed by law to the purchaser.
E. Notwithstanding any provision of the law to the contrary, when real estate sold to pay taxes is redeemed by payment to the purchaser, only the signature of the purchaser as it appears in the sale of the real estate sold to pay taxes thereon is required on the redemption. If the purchaser is married, the signature of the purchaser's spouse is not required on the redemption unless the spouse is a named party in the conveyance of the real estate purchased at the tax sale or in the recor-dation thereof.