I,SOL GOTHARD, Judge.
The plaintiff, S.A. Mortgage Service Co., appeals from a decision granting summary judgment, dismissing plaintiffs suit to confirm tax title to immovable property and granting defendant Rome’s reconventional demand, recognizing her right to complete her attempted redemption of the property. We affirm the decision of the trial court.
FACTS
Deborah Ann Clouatre Rome was the owner of immovable property located at 1033 Minden Avenue in Kenner. In 1991, Ms. Rome sold the property to Angel M. Robinson. Rome retained the mortgage on the property. In 1994, Robinson sold the property to Ruby S. Bartholomew. Bartholomew assumed the mortgage, leaving Rome as the mortgage holder.
lain November of 1995, S.A. Mortgage Service Co. purchased the property at a *1017 tax sale by the City of Kenner for the sum of $192.55.
In 1997, Rome foreclosed on the property against Robinson and Bartholomew. In May of 1997, Rome sold the property to Ann Marie Lemoine and Michael Roy Smith.
On September 24,1999, Kenner issued a certificate of cancellation of the property tax sale, and refunded plaintiff the amount of $192.55 paid at the tax sale.
On July 17, 1999, S.A. Mortgage Service Co. instituted this suit to confirm its tax title to the property, naming as defendants Ms. Rome and also Ms. Lemoine and Mr. Smith. Ms. Rome answered, asserting that the tax sale was a nullity, that the City of Kenner cancelled the tax sale deed, and that she had attempted to redeem the property from the City of Kenner, but was unable to complete the redemption because Kenner gave her the wrong redemption amount. Ms. Rome asserted a reeon-ventional demand to declare the tax sale a nullity, or to allow her to complete her redemption of the property.
ANALYSIS
A summary judgment is appropriate when there remains no genuine issue as to material fact and the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. LSA C.C.P. art. 966(B) provides in part as follows:
The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law.
|4Summary judgments are now favored in the law and the rules should be liberally . applied. Carr v. Wal-Mart Stores, Inc., 00-896 (La.App. 5 Cir. 10/31/00), 772 So.2d 865, writ denied, 00-3247 (La.1/26/01), 782 So.2d 636; Susananbadi v. Johnson, 97-91 (La.App. 5 Cir. 9/17/97), 700 So.2d 886. The summary judgment procedure shall be construed to accomplish the ends of just, speedy, and inexpensive determination of allowable actions. La. C.C.P. art. 966; Perricone v. East Jefferson General Hospital, 98-343 (La.App. 5 Cir. 10/14/98), 721 So.2d 48. The mover bears the burden of proof; however, the mover need only to “point out to the court that there is an absence of factual support for one or more elements essential to the adverse party’s claim ... ”. La. C.C.P. article 966C(2). Once the mover has made a prima facie showing that the motion shall be granted, the burden shifts to the adverse party to present evidence demonstrating that material factual issues remain. Perricone v. East Jefferson General Hosp., supra.
Appellate courts review summary judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Carr v. Wal-Mart Stores, Inc., supra.
The Louisiana Constitution of 1974, Article 7, Section 25 allows for the sale of property for unpaid taxes, and also allows for the redemption of the property:
The property sold shall be redeemable for three years after the date of recordation of the tax sale, by paying the price given, including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption.
La. Const of 1974, Art. 7, § 25(B). Procedures for redemption are found in La. R.S. 47:2221, 2222.
|RIn support of the motion for summary judgment, Ms. Rome filed an affidavit in which she states that she went to the City of Kenner on March 18, 1997 to redeem *1018 the property and pay all the taxes owed, and that the clerk for the City of Kenner advised her to pay $89.41. No countervailing affidavit was filed by plaintiff. The record contains Ms. Rome’s personal check number 1201, payable to the City of Ken-ner, in the amount of $89.41. The check was dated March 18, 1997, within the three-year redemption period. While the redemption was initiated timely, the amount paid was insufficient to redeem the property.
 Louisiana law favors the redemption of property sold for taxes. Becnel v. Woodland, 93-446 (La.App.11/23/93), 628 So.2d 89; writ denied, 634 So.2d 374 (La.2/11/94). While the redemptive process must be initiated within the three year redemptive period, it need not be completed within that time period. Becnel v. Woodland, supra; Harris v. Guardian Funds, Inc., 425 So.2d 1322 (La.App. 4 Cir.1983).
The trial judge, in his reasons for judgment, found that there were no factual issues in dispute, and that movers were entitled to judgment as a matter of law. The court noted that the evidence of Ms. Rome, which was uncontroverted, showed that she went to the City of Kenner on March 18, 1997 to redeem the property and pay all the taxes owed. The trial court relied on Becnel v. Woodland, supra, and determined that “the actions of the City of Kenner in providing the wrong information will not prevent Rome from completing her redemption” and that “Rome is entitled to complete the redemption of the Kenner property.”
LWe find that the trial court was correct in this ruling, therefore we find no error in the trial court’s ruling which granted summary judgment in favor of defendants, dismissing the petition filed by S.A. Mortgage Service Co. and allowing Ms. Rome to complete her redemption of the property.
Because we find that Ms. Rome is entitled to complete her redemption of the property, we need not reach the remaining issues raised by the plaintiff.
CONCLUSION
For the above discussed reasons, the judgment of the trial court is affirmed. All costs are assessed against appellant, S.A. Mortgage Service Co.
AFFIRMED.