817 So.2d 1200 (2002)
MISSISSIPPI LAND COMPANY
v.
S & A PROPERTIES II, INC.
No. 01-1623.
Court of Appeal of Louisiana, Third Circuit.
May 8, 2002.
Rehearing Denied June 26, 2002.
*1201 Charles E. McHale, Jr., New Orleans, Ike Huval, Duhon Law Firm, Carl M. Duhon, Lafayette, LA, for Mississippi Land Company.
Jane Hebert Barney, Rebecca Bellows Crawford, Kelsey Britt Kornick, Jeffrey Michael Barbin, Phelps, Dunbar L.L.P., Baton Rouge, LA, for S & A Properties II, Inc.
Court composed of JOHN D. SAUNDERS, GLENN B. GREMILLION, and ELIZABETH A. PICKETT, Judges.
*1202 JOHN D. SAUNDERS, Judge.
This appeal arises from a suit to quiet and confirm tax title to immovable property. In response to the suit, the Defendant filed a peremptory exception of no right of action. This exception was granted by the trial court. From this judgment, the Plaintiff appeals.

FACTUAL AND PROCEDURAL BACKGROUND
In April of 1996, S & A Properties II, Inc. ("S & A") purchased an office building (tract 1) and an adjacent parking lot (tract 2) on Versailles Boulevard in Lafayette, Louisiana. In 1997, S & A was assessed taxes for this property by the City of Lafayette and the Parish of Lafayette. The Assessor listed the property under two separate assessments. Tract 1 was assessed number 43126 and tract 2 was assessed number 43125. After notice was mailed to S & A, it failed to pay its 1996 parish and city taxes. The two properties were then legally advertised and sold at public bidding to Mississippi Land Company ("Mississippi Land") for the unpaid 1996 property taxes.
In 1998, on behalf of S & A, Steve Smith went to the Lafayette Parish Tax Collector's Office to determine the amount of property taxes that S & A must pay in order to redeem tracts 1 and 2. The parish tax collector's office informed Mr. Smith that $112,992.15 was needed to redeem the property. S & A delivered the first check on September 30, 1998. The check was made payable to Mississippi Land in the amount of $107,940.79 and noted that it was for assessment number 43126 (tract 1). On November 12, 1998, S & A delivered a second check payable to Mississippi Land in the amount of $5,051.36 for assessment number 43125 (tract 2). The parish tax collector forwarded these checks, totaling $112,992.15, to Mississippi Land.
On November 14, 2000, Mississippi Land filed a Petition to Quiet and Confirm Tax Title claiming that S & A failed to redeem the property for the 1996 city property taxes. S & A filed an exception of no right of action on the grounds that the property had been redeemed, and that, upon redemption, Mississippi Land was divested of any ownership interest in the property and, therefore, had no legal capacity to quiet title to the property. This exception was denied by the trial court on April 23, 2001. S & A subsequently filed a motion for reconsideration or re-argument and, alternatively, a motion for summary judgment. With written reasons, the trial court granted S & A's exception of no right of action on July 6, 2001.
Mississippi Land now appeals this ruling. On appeal, Mississippi Land first asserts that the trial court erred in utilizing an exception of no right of action to decide the issue of redemption involving immovable property. Secondly, Mississippi Land asserts that the trial court erred in finding that the property was redeemed.

LAW AND ANALYSIS

Exception of No Right of Action
Mississippi Land asserts that the trial court erred in utilizing an exception of no right of action to decide the issue of redemption involving immovable property. Upon review, we find no merit to this assignment of error.
Under La.Code Civ.P. art 927, a defendant may raise the peremptory exception of no right of action. An exception of no right of action has the function of determining whether the plaintiff has any interest in the judicially enforced right asserted. St. Jude Medical Office Bldg., Ltd. Partnership v. City Glass and Mirror, Inc., 619 So.2d 529 (La.1993). The function of this exception is to terminate *1203 the suit brought by one who has no judicial right to enforce the right asserted in the lawsuit. Yolanda F.B. v. Robert D.R., 00-958 (La.App. 3 Cir. 12/6/00); 775 So.2d 1107. The determination of whether a plaintiff has a right of action is a question of law. Horrell v. Horrell, 99-1093 (La. App. 1 Cir. 10/6/00); 808 So.2d 363, writ denied 01-2546 (La.12/7/01); 803 So.2d 971. Accordingly, we review exceptions of no right of action de novo. Id.
On appeal, Mississippi Land asserts that the issue of redemption must be decided at a trial on the merits; however, a review of the record indicates that Mississippi Land withdrew its objection to the use of the exception of no right of action on the issue of redemption. Specifically, counsel for Mississippi Land stated: "we withdraw our objection to the procedural device of an exception of no right of action to try the issue of redemption." Accordingly, we find no error in the trial court's determination that Mississippi Land waived its objection to the use of a peremptory exception to determine the issue of redemption.
Moreover, Mississippi Land contends that the issue of redemption is irrelevant to the exception. Mississippi Land asserts that the issue of redemption is irrelevant because the city tax deeds provide it with the interest in the litigation. We disagree and find that the issue of redemption defines Mississippi Land's interest in the property and forms the basis for S & A's exception.
This is a suit to quiet and confirm a tax title to immovable property. La.R.S. 47:2228 sets forth the method by which a tax title can be quieted. Particularly, La. R.S. 47:2228 provides that suit to quiet tax title cannot be filed until three years from the date of recording the tax deed in the conveyance records. Moreover, La. Const. art. VII, § 25(B) provides that property sold at a tax sale shall be redeemable for three years after the date of the recordation of the tax sale. A title acquired at a "tax sale is an inchoate one during the period for redemption and is defeated by the exercise of that right." Kelso v. Caffery, 221 La. 1, 58 So.2d 402, 406 (La.1952). Thus, upon redemption, a party holding a tax title is divested of any ownership rights in the immovable property. Therefore, when the original owner has redeemed the immovable property, the party holding a tax title has no judicial right to quiet and confirm title to the property. Accordingly, only if tracts 1 and 2 have not been redeemed does Mississippi Land have a right to proceed to the merits of the suit for quiet title.
We find that the trial court was correct in determining that Mississippi Land waived any objection to the use of a peremptory exception. Furthermore, for the reasons stated, we find that the issue of redemption was properly determined by a peremptory exception of no right of action. Accordingly, we find this assignment of error to be without merit.

Redemption
Mississippi Land asserts that the trial court erred in finding that S & A redeemed the property when S & A failed to pay the 1996 City of Lafayette taxes within the three-year redemptive period. Upon review, we find no merit to this assignment of error and affirm.
As previously noted, Article VII, Section 25 of the Louisiana Constitution allows for the sale of property for unpaid taxes and for the redemption of the said property. It provides as follows:
The property sold shall be redeemable for three years after the date of recordation of the tax sale, by paying the price given, including costs, five percent penalty thereon, and interest at the rate of one percent per month until redemption.
*1204 La. Const. Art. VII, § 25(B).
"The person redeeming property, in whole or in part, shall pay all taxes assessed upon the property redeemed subsequent to the tax sale with interest at the rate of one percent per month until redeemed." La.R.S. 47:2222(A). It is well settled that Louisiana law favors the redemption of property sold for taxes. Becnel v. Woodland, 628 So.2d 89 (La.App. 5 Cir.1993), writ denied, 93-3108 (La.2/11/94); 634 So.2d 374, Fleckinger v. Smith, 319 So.2d 881 (La.App. 4 Cir.), writ denied, 323 So.2d 131 (La.1975). Additionally, Louisiana law favors equitable considerations existing in favor of the tax debtor who attempts to redeem his property. Id. Although the process of redeeming property sold for taxes must be initiated within a three-year period, this process need not be completed in that period. Becnel, 628 So.2d 89.
Mississippi Land acquired the rights to tracts 1 and 2 in June of 1997. Thus, in 1998, S & A owed approximately $69,801.34 in 1996 taxes, interest and penalties. S & A mistakenly made payment of $112,992.15 believing that this payment was sufficient to redeem the property for both 1996 and 1997. While this amount was not enough to cover S & A's taxes for both years, it was more than enough to cover S & A's taxes for 1996. Thus, in 1998, S & A paid substantially more than the required amount to redeem tracts 1 and 2 for 1996. Mississippi Land received these funds at least one year before the redemptive period and had use of the money for over two years without informing S & A of its error. Thereafter, approximately two months after the three-year redemptive period expired, Mississippi Land informed S & A that the amount paid failed to include redemption for the 1996 city taxes.
Mississippi Land contends that the $112,992.15 received from S & A, in 1998, should be imputed to the payment of the 1996 and 1997 parish taxes rather than the 1996 parish and city taxes. The record indicates that the $112,992.15 total was made up of two separate checks made payable to and cashed by Mississippi Land. These checks stated simply that these amounts were for the payment of property taxes for assessment numbers 43125 and 43126.
Fundamental to the Louisiana Law of Obligations is La.Civ.Code art. 1864, which provides as follows:
An obligor who owes several debts to an obligee has the right to impute payment to the debt he intends to pay.
The obligor's intent to pay a certain debt may be expressed at the time of payment or may be inferred from the circumstances known to the obligee.
Thus, under Louisiana law, when an obligor fails to expressly state for which debt payment is being made, the payment is imputed to the debt that is most burdensome. A review of the record indicates that S & A had the greatest interest in paying the debt for all of the 1996 taxes given that these were the taxes for which the property was sold at tax sale. Therefore, the debt for the 1996 taxes was far more burdensome than the debt for reimbursement of 1997 taxes. Mississippi Land was aware of this. Thus, S & A's interest in redeeming its property by payment of all the 1996 taxes clearly was capable of being inferred under the circumstances known to the obligee.
Rather than applying the $112,992.16 to the debt most burdensome (the taxes necessary to redeem the property), Mississippi Land contends that this amount was for 1996 and 1997 Lafayette Parish taxes. The record suggests that S & A intended to pay its entire tax debt and not just a portion of its debt. S & A felt its tender was adequate. Moreover, S & A made no *1205 imputation of its payment. Under these circumstances, Article 1864 of our Civil Code imputes payment to the 1996 debt. Accordingly, we find that the $112,992.16 payed by S & A to Mississippi Land must first be imputed to all the 1996 taxes owed. The remaining amount may then be applied toward the debt to Mississippi Land for reimbursement of taxes it paid subsequent to the tax sale.
Therefore, under the circumstances, taking into account the equitable considerations in favor of S & A and the clear mandate of Civil Code article 1864, we find that S & A initiated the redemption process within the three-year period. Thus, the finding of the trial court is affirmed.

DECREE
For the foregoing reasons, we find no error in the trial court's use of a peremptory exception of no cause of action in determining the issue of redemption. Moreover, we find that S & A properly redeemed tracts 1 and 2 prior to the running of the redemption period. All costs associated with this appeal are assigned to the Appellants.
AFFIRMED.