# STATE OF LOUISIANA
# COURT OF APPEAL, THIRD CIRCUIT

## 08-1248

**CITY OF JEANERETTE**

**VERSUS**

**ROBERT HAMILTON**

\*\*\*\*\*\*\*\*\*\*\*\*

**APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION
PARISH OF LAFAYETTE, NO. 08-04199, DIST. 04
SAM L. LOWERY, ADMINISTRATIVE LAW JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

**JAMES T. GENOVESE
JUDGE**

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of Oswald A. Decuir, J. David Painter, and James T. Genovese, Judges.

**REVERSED AND REMANDED.**

Joy C. Rabalais
John F. Wilkes, III
Lana G. Duhon
Borne & Wilkes, L.L.P.
200 West Congress Street, Suite 1000
Post Office Box 4305
Lafayette, Louisiana 70502-4305
(337) 232-1604
COUNSEL FOR PLAINTIFF/APPELLANT:
	City of Jeanerette

Harry K. Burdette
The Glenn Armentor Law Corporation
300 Stewart Street
Lafayette, Louisiana 70501
(337) 233-1471
COUNSEL FOR DEFENDANT/APPELLEE:
	Robert Hamilton

**GENOVESE, Judge.**

In this workers' compensation case, the City of Jeanerette appeals the trial court's ruling in favor of the Defendant/Appellee, Robert Hamilton, sustaining his peremptory exception of no right of action. For the following reasons, we reverse and remand.

### STATEMENT OF THE CASE

On May 9, 2008, a Disputed Claim for Compensation, commonly referred to as a 1008, was filed by the City of Jeanerette (City) against Mr. Robert Hamilton. This 1008 form was both signed and filed by the adjuster for the self-insured risk fund covering the City. The City's claim alleged that Mr. Hamilton had violated La.R.S. 23:1208[1] through his misrepresentation of certain travel expenses, i.e., mileage, in a pending but separate claim which had been filed by Mr. Hamilton following a November 2005 work-related knee injury.

On June 17, 2008, Mr. Hamilton filed an exception of prematurity and/or no right of action. In support of his position that the City's claim should be dismissed, Mr. Hamilton asserted in his exception:

> [T]he adjuster, who is not licensed to practice law in the state of Louisiana has filed this [d]isputed [c]laim and does not possess any right to act as the defendant['s] legal counsel in this matter. The adjuster . . . has engaged in the unauthorized practice of law and should be sanctioned by this court. Due to the unauthorized practice of law by [the adjuster], the [d]isputed [c]laim for [w]orkers' [c]ompensation [b]enefits must be dismissed.

A hearing was held on the exceptions filed by Mr. Hamilton on August 13, 2008. In support of his exception of no right of action, Mr. Hamilton relied upon

---

[1]Under La.R.S. 23:1208(A) and (E), a "willful[] false statement or representation" made "for the purpose of obtaining . . . any benefit or payment under the provision of this Chapter" can result in the forfeiture of "any right to compensation benefits under this Chapter."

La.R.S. 23:1314[2] and LAC 40:I.5545[3] to argue that the City's claim should be barred because its claim was filed by an insurance adjuster instead of an attorney. The City countered, alleging that a dismissal of its claim on the basis of it not being filed by an attorney would, in effect, be a denial of its right to equal access to the courts since an injured claimant is not required to have an attorney in order to file a disputed claim for compensation. The City also argued that La.R.S. 23:1310(A)[4] allows the filing

[2]Louisiana Revised Statutes 23:1314 provides:

A. The presentation and filing of the petition under R.S. 23:1310.3 shall be premature unless it is alleged in the petition that:

(1) The employee or dependent is not being or has not been paid, and the employer has refused to pay, the maximum percentage of wages to which the petitioner is entitled under this Chapter; or

(2) The employee has not been furnished the proper medical attention, or the employer or insurer has not paid for medical attention furnished; or

(3) The employee has not been furnished copies of the reports of examination made by the employer's medical practitioners after written request therefor has been made under this Chapter; or

(4) The employer or insurer has not paid penalties or attorney's fees to which the employee or his dependent is entitled.

B. The petition shall be dismissed when the allegations in Subsection (A) of this Section are denied by the employer and are shown at a time fixed by the workers' compensation judge to be without reasonable cause or foundation in fact.

C. The workers' compensation judge shall determine whether the petition is premature and must be dismissed before proceeding with the hearing of the other issues involved with the claim.

[3]Louisiana Administrative Code 40:I.5545 provides:

In all hearings before the Workers' Compensation Judge the parties may appear in person or by counsel licensed to practice law in the State of Louisiana. Corporate entities, unincorporated associations, insurance companies and own-risk carrier shall appear only by such counsel. Counsel who will appear before the Workers' Compensation Judge on behalf of a party in any proceeding shall notify the Office of Workers' Compensation of their appearance by filing an entry of appearance or other appropriate pleading and shall be bound by Code of Civil Procedure Article 371.

[4]Louisiana Revised Statutes 23:1310(A) provides:

If, at any time after notification to the office of the occurrence of death or injury resulting in excess of seven days lost time, a bona fide dispute occurs, the

of a claim by an employer or an insurer; however, there is no legislation requiring an attorney to file a disputed claim for compensation on behalf of an employer or an insurer.

The Workers' Compensation Judge (WCJ) ruled in favor of Mr. Hamilton solely on the exception of no right of action. On August 15, 2008, the WCJ signed a judgment which decreed "that [Mr. Hamilton's] Exception of no Right of Action is granted" and which ordered that the City's 1008 "be dismissed with prejudice."[5] The City appeals.

## ASSIGNMENTS OF ERROR

The City asserts the following:

1. The WCJ unconstitutionally applied and/or misinterpreted La.R.S. 23:1314;

2. The WCJ unconstitutionally applied and/or misinterpreted LAC 40:I.5545;

3. The WCJ signed a judgment without waiting the proper time period to allow defendant time to object to the proposed judgment, as allowed by Rule 9.5 of the Rules of Court;

4. The [j]udgment against [the City] should be without prejudice, to preserve the City's right to present its affirmative defense of mileage fraud at the trial of [Mr.] Hamilton's 1008. (Docket No. 0704265).

---

employee or his dependent or the employer or insurer may file a claim with the state office, or the district office where the hearing will be held, on a form to be provided by the director.

[5]The judgment did not contain the WCJ's disposition on Mr. Hamilton's exception of prematurity; thus, the exception of prematurity is presumed to have been denied by the WCJ and said denial has not been appealed nor is it before this court for review. *See M.J. Farms, Ltd. v. Exxon Mobil Corp.*, 2008WL 2811534, 07-2371 (La. 7/1/08), --- So.2d ---.

## LAW AND DISCUSSION

Whether a right of action exists is a question of law requiring a *de novo* review. *Guidry v. East Coast Hockey League, Inc.*, 02-1254 (La.App. 3 Cir. 3/5/03), 844 So.2d 100, *writs denied*, 03-1457, 03-1469, 03-1471 (La. 11/21/03), 860 So.2d 543 (citing *Mississippi Land Co. v. S & A Properties II, Inc.*, 01-1623 (La.App. 3 Cir. 5/8/02), 817 So.2d 1200).

In its brief, the City argues that the WCJ's acceptance of Mr. Hamilton's argument that LAC 40:I.5545 requires that an attorney file a claim is erroneous. We agree. Louisiana Administrative Code 40:I.5545 clearly states that the presence of an attorney is required "[i]n all hearings." The use of these specific words rules out any generalization that could be interpreted to entail the requirement of an attorney for filings.

It is clear from our review of the record that the trial court took a rather result-oriented approach, instead of one based upon existing statutory law or jurisprudence, in its decision-making process as evidenced in the transcript of the August 13, 2008 hearing as follows:

MR. BURDETTE [Attorney for Mr. Hamilton]:

Judge, I've also filed an Exception of No Right of Action in that the adjuster has no right of action to file the 1008.

[THE COURT]:

And he doesn't in this case. Because if you let an adjuster do this, then the next thing we're going to know they're going to be checking this other block down here where it says, "Penalties and Attorney's Fees," which I think would cause a problem, too. This is just one of those things if we let it drift too far, it'll get totally out of control; and then we'll end up with some crazy legislative act. So we need to try and fix this thing pleasantly and quietly, and we're going to get to the same end anyway. We're still going to have a trial on whether or not this guy got hurt right?

4

Louisiana Revised Statutes 23:1310(A) allows an employer or an insurer to file a 1008 without the specific requirement that it be filed by an attorney. However, LAC 40:I.5545 requires that an attorney appear on behalf of corporate entities, unincorporated associations, insurance companies and own-risk carriers. The WCJ failed to note the distinction that La.R.S. 23:1310(A) is a procedural statute relative to the "filing" of a 1008 and that LAC 40:I.5545 is an administrative guide for "all hearings" which result from the filing of a 1008. In applying the correct principles of La.R.S. 23:1310(A) and LAC 40:I.5545, an adjuster may file the 1008 on behalf of the insurer, but counsel shall be present and represent the company or the insurer at all hearings before the WCJ. Consequently, we find that the WCJ erred by sustaining Mr. Hamilton's peremptory exception of no right of action. Having found that the WCJ erred by ruling that a 1008 must be filed by an attorney, we need not address the other assignments of error raised by the City.

## DECREE

The judgment of the trial court is reversed, and the matter is remanded for further proceedings consistent herewith. Costs of this appeal are assessed against the Defendant/Appellee, Robert Hamilton.

**REVERSED AND REMANDED.**