JUDE G. GRAVOIS, Judge.
| gDefendant/appellant, Mark Manganel-lo, appeals the trial court’s granting of plaintiff/appellee, Philnola, LLC’s, motion for summary judgment in its suit to confirm a tax title in its name to certain immovable property purchased at a tax sale. For the reasons that follow, we reverse the trial court’s grant of summary judgment in favor of Philnola and remand the matter for further proceedings.

FACTS AND PROCEDURAL HISTORY

Mr. Manganello owned immovable property, a condominium, located at 145 Avant Garde Circle, in Kenner, Louisiana (“the property”). He failed to pay the 2009 property taxes owed on the property when they came due. On April 19, 2010, by certified mail, the Jefferson Parish Sheriffs Office notified Mr. Manganello of his property tax delinquency.[1] On June 10 and 17, 2010, the Sheriffs Office advertised that a tax sale of the property for 2009 taxes would take place on June .23, 2010 according to law. The tax sale indeed took place on June 23, 2010, resulting in the property being pm-chased by Virto-con Financial Services, |aInc. On November 4, 2010, a Tax Sale Certificate of the property in favor of Virtocon was duly recorded in the immovable property records of Jefferson Parish. On July 24, 2013, by Quitclaim Deed, Virtocon assigned its rights to the Tax Sale Certificate to Philnola.
On January 22, 2014, Philnola filed suit against Mr. Manganello to confirm a tax title to the property. -In its petition, Phil-nola asserted that Mr. Manganello was properly notified, of the tax sale and had neither “paid the taxes nor redeemed the property prior to or before the three-year redemptive period.” On February 5, 2014, Mr. Manganello responded to the petition by filing a pro se letter in which he stated that he was the owner of the property and was trying to obtain a loan modification during the redemption period.
Thereafter, on February 19, 2014, Phil-nola filed a motion for summary judgment, arguing that Mr. Manganello received proper pre-sale notice of the tax sale, that hi’s answer was insufficient in that he did not deny the allegations of the petition, and that a judgment on the pleadings should be -granted. In opposition, Mr. Manganello, through counsel, argued that there was not enough evidence to prove that he was properly notified of the, property tax delinquency. He further argued that the tax sale was null and void because the property had been redeemed. On May 23, 2014, the trial court denied the motion for summary judgment, finding that a genuine issue of material fact existed in relation to redemption of the property by Mr. Manganello.[2]
*150 On September 23, 2104, Philnola filed a second motion for summary judgment, arguing that Mr. Manganello failed to institute a proceeding to annul the tax sale within six months of the-service of notice of sale as required by La. Const. Art. 7, § 25(C). Philnola argued that title and full ownership of the property should |4be confirmed in its name because Mr. Manga-nello failed to institute a proceeding within said time limitation.
Mr. Manganello objected to the second motion for -summary judgment on the grounds of .res judicata based on the trial court’s denial of Philnola’s first motion, for summary judgment. He relied on the trial court’s reasons for judgment in denying the first motion for summary judgment, wherein the trial court stated that “if the redemption was initiated by the payment of the 2009 taxes prior to the preemptive period, the defendant’s right to redeem is not extinguished.” Mr. Manganello argued that because the 2009 taxes had been paid and/or the redemption process had begun within the three-year redemption period, res judicata applied, and accordingly there , was no reason to file a suit to annul the tax sale.
After a hearing, the trial court on November 10, 2014 granted Philnola’s second motion for summary judgment, confirming Philriola’s tax title to the property. In its reasons for judgment, the trial court noted the need to initiate a proceeding to annul within six months as required by La. Const. Art. 7, § 25(C), and that the only recognized exception to this requirement was that the tax debtor could assert that his rights to notice were violated under the 14th Amendment to the United States Constitution. The court found that notice to.Mr. Manganello was proper.
This timely appeal followed.

LAW AND ANALYSIS

Appellate courts review a district court’s grant of summary judgment de novo, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Bourgeois v. Boomtown, LLC of Delaware, 10-553 (La.App. 5 Cir. 2/15/11), 62 So.3d 166, 169. A motion for ^summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966.
A material fact is one that potentially insures or prevents recovery, affects a litigant’s ultimate success, or determines the outcome of the lawsuit. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 751. An issue is a genuine issue-if it is such that reasonable persons could disagree; if only one conclusion could be reached by reasonable persons, summary judgment is appropriate, as there is no need for trial on that issue. Id. Whether a particular fact- is material can be seen only in light of the substantive law applicable to the case. Hubbard v. Jefferson Parish Parks and Recreation, 10-24 (La.App. 5 Cir. 5/25/10), 40 So.3d 1106, 1110.
Summary judgment procedure is intended to make a just and speedy determination of every action. La. C.C.P. art. 966. It is favored and the procedure shall be construed to achieve this intention. Id. Under La, C.C.P. art. 966, the initial burden is on the mover to show that no genuine issue of material fact exists; If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense, the nonmoving party then must produce factual support *151 sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. La. C.G.P. art. 966(C)(2). If the non-moving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. La. C.C.P. arts. 966 and 967; Paternostro v. Wells Fargo Home Mortg., Inc., 09-469 (La.App. 5 Cir. 12/8/09), 30 So.3d 45, 47-48.
|r,In his first assignment of error, Mr. Manganello argues that the trial court erred in granting the summary judgment because the property was redeemed within the redemption period. He argues that on or about November 29, 2010, less than one month after recordation of the Tax Sale Certifícate and well within the three-year redemption period, Chase Bank USA, N.A., on behalf of Mr. Manganello, paid the Sheriff the,full tax redemption payment of $638.67. Mr. Manganello notes that though the redemption payment was made, the Sheriff did not issue a redemption certificate. He" argues that redemption of the property is complete upon receipt of the tax redemption payment by the tax collector, and thus because the tax redemption payment was made during the redemption period, the trial court erred in granting the motion for summary judgment.
Philnola argues in defense that the applicable law to the current proceeding is La. Const. Art. 7, § 25(C) dealing with annulment of tax sales, rather than La. Const. Art. 7, § 25(B) dealing with redemption of property sold at a tax sale. Philnola argues that La. Const. Art. 7 § 25(C) requires that an action to annul the proceeding be filed within six months after service of notice of sale. - According to Philnola, Mr. Manganello was served with notice of the tax sale on February 1, 2014. As of November 10, 2014, no proceeding to annul the tax sale was brought by Mr. Manganello, and thus Philnola argues that summary judgment was properly granted.
17La. Const. Art 7 § 25(C) dealing with annulment of tax'sales provides, "in pertinent part:
No sale of property for taxes shall be set aside for any cause, except on proof of payment of the taxes prior to the date of "the sale, unless the proceeding to annul is instituted within six months after service of notice of sale.
La. Const. Art. 7, § 25(B), dealing with redemption of property sold at a tax sale provides, in pertinent part:
The property sold shall be redeemable for three years after the date of recordation. of the tax sale, by paying the price given, including costs, five percent penalty thereon, -and interest at the rate of one percent per month until redemption.
Any person may redeem a tax sale title to property, but "the redemption shall be in the name of the tax debtor. La. R.S. 47:2242. Payment shall include all statutory impositions accruing before the date of payment with five percent penalty and simple interest accruing at one percent per month, as well as all other sums required to be paid pursuant to the law. The tax collector shall then promptly remit the redemption payment to the tax sale purchaser. La. R.S. 47:2243. Upon payment of the redemption costs, the tax collector shall issue a redemption certificate in the name of the tax debtor and file the redemption certificate in the appropriate conveyance records. La. R.S. 47:2245.
Redemption does not require a showing of an irregularity or defect in the tax or sale process. Harris v. Estate of Fuller, 532 So.2d 1367, 1368 (La.1988). It merely requires payment, of back taxes due as well as other amounts that may be proven due. Redemption is subject to a *152 three-year peremptive period that runs from the date of recordation of the tax sale. Id.; Burns v. Harris, 41,881 (La.App. 2 Cir. 5/23/07), 957 So.2d 921, 924, writ denied, 07-1403 (La.10/05/07), 964 So.2d 941; La. R.S. 47:2241.
Louisiana law favors redemption. Fleckinger v. Smith, 319 So.2d 881 (La.App. 4 Cir.1975), writ denied, 323 So.2d 131 (La.1975); Becnel v. Woodland, 93-446 (La.App. 5 Cir. 11/23/93), 628 So.2d 89, writ denied, 93-3108 (La.2/11/94), 634 So.2d 374. Despite the three-year per-emptive period applicable to redemptions and the seemingly clear requirements for effecting redemption, courts |8have concluded, based on equitable considerations, that redemption must be initiated within the three-year period, but it need not be completed within that time. Burns v. Harris, 957 So.2d at 921, citing S.A. Mortgage Service Co. v. Lemoine, 01-250 (La.App. 5 Cir. 10/17/01), 800 So.2d 1015, writ denied, 01-3083 (La.2/1/02), 807 So.2d 851; and Becnel, supra.
On appeal, Mr. Manganello argues that his property was properly redeemed during the three-year redemption period even though there was no redemption certificate issued by the Sheriff during that time.[3] As evidence of redemption, the record reflects that Mr, Manganello submitted in his opposition to Philnola’s first motion for summary judgment, a copy of the check in the amount of $638.67 dated November 29, 2010, as well as the “Corelogic Tax Services Tax Outsourcing Check Request” for the amount with a notation stating “taxes advanced to meet ELO delq. 2009 taxes.”
After the three-year period for redemption of property sold at a tax sale, the tax debtor-owner may still seek annulment of the sale. He must proceed to annul within six months after service of notice of sale. Harris, supra. Though we recognize that Mr. Manganello failed to proceed to annul the tax sale within the six-month period, we find that genuine issues of material fact remain regarding whether or not the propei'ty was redeemed by Mr. Manganello during the three-year redemption period, which we find is a defense provided to. Mr. Manganello under La. Const. Art. 7, § 25(B) to Philnola’s suit to confirm tax title.
|9In its petition, Philnola alleged that Mr. Manganello “has not paid the taxes nor redeemed the property prior to or before the three-year redemptive period.” (Emphasis added.) In order for summary judgment to be properly rendered in its favor confirming tax title to the property, Philnola must show that no genuine issues of material fact remain as to whether Mr. Manganello “redeemed the property” prior to the three-year redemption period. The record clearly reflects that genuine issues of material fact do indeed remain as to whether Mr. Manga-nello “redeemed the property” prior to the *153 three-year redemption period. As noted above, in defense of Philnola’s first motion for summary judgment, Mr. Manganello showed that on or about November 29, 2010, less than one month after recordation of the Tax Sale Certificate and within the three-year redemption period, Chase Bank USA, N.A., on behalf of Mr. Manga-nello, purportedly paid the Sheriff the tax redemption payment of $638.67. As indicated above,- jurisprudence indicates that although the redemption must be initiated within the three-year period, it need not be completed within that time. Burns v. Harris, supra; S.A. Mortgage Service Co. v. Lemoine, supra; Becnel, supra. Further, under the circumstances present in the instant case, the law clearly favors redemption in favor of Mr. Manganello over confirmation of Philnola’s tax title. Considering the foregoing, it is . apparent that the non-moving party (Mr. Manganel-lo) has produced factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial (that he “redeemed the property” prior to the three-year redemption period). La. C.C.P. art. 966(C)(2).
Upon de novo review, we find that genuine issues of material fact remain in relation to redemption of the property by Mr, Manganello. Further, for the foregoing reasons, we cannot say that Philnola is entitled to summary judgment as a matter of law. Accordingly,; we reverse the trial court’s ..judgment, granting of |inPhilnoIa’s motion for summary judgment and remand the. matter for further proceedings.
Considering the foregoing, we pretermit discussion of Mr. Manganello’s remaining assignments of error.[4]
In addition to his appeal, Mr. Manganel-lo also filed in this Court peremptory exceptions of no right of action, no cause of action, and nonjoinder of Chase Bank as a party. We decline to rule on Mr. Manga-nello’s peremptory exceptions and remand the same to the trial court for full briefing and argument. Emmaco Int’l Trading, Inc. v. Sudeen’s Enters., 01-1861 (La.App. 4 Cir. 1/16/02), 807 So.2d 1029, 1031-1032.

CONCLUSION

For the foregoing reasons, we reverse the trial court’s grant of summary judgment in favor of Philnola and remand the matter for further proceedings.

REVERSED AND REMANDED

. The record contains the purported certified mail receipt signed by Mr. Manganello, but not the letter notifying him of his property tax delinquency.

. In its judgment, the trial court also denied Philnola's motion for judgment on the pleadings.

. On appeal, Mr. Manganello notes that on July 13, 2015, he obtained a Judgment on a Petition for Writ of Mandamus he filed against Jefferson Parish Sheriff Newell Normand and Philnola in case number 750-873 of the 24th Judicial District Court, Parish of Jefferson, State of Louisiana, entitled Mark Manganello v. Newell Normand, Sheriff and Ex-Officio Tax Collector for the Parish of Jefferson, Philnola LLC and Chase Bank USA, N.A., that compelled the issuance of a redemption certificate for the tax sale and the Tax Sale Certificate in question.- Though information and documentation relative to this suit is included with Mr. Manganello's brief, including the Judgment rendered on July 13, 2015 on said Petition for Writ of Mandamus and a Certificate of Redemption of the subject property from Virtocon to Mr. Manganello dated July 13, 2015, this information and documentation is not in the record on appeal and therefore is not properly before us for consideration.

. In his remaining assignments of error, Mr. Manganello argues that the trial court erred in granting summary judgment because the tax sale advertisements failed in several respects to comply with applicable law, and because the mortgagee of the subject property, Chase Bank, who was not joined, was needed as a party for a just adjudication of the action.