Judgment rendered March 4, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,335-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

NILE OF LOUISIANA, INC.                    Plaintiff-Appellant

versus

DUSTY GATES, SHERIFF, IN                    Defendant-Appellee
HIS OFFICIAL CAPACITY AS
EX-OFFICIO TAX COLLECTOR
IN AND FOR UNION PARISH

* * * * *

Appealed from the
Third Judicial District Court for the
Parish of Union, Louisiana
Trial Court No. 46,926

Honorable Thomas Wynn Rogers, Judge

* * * * *

| | |
|---|---|
| SMITH & NWOKORIE, LLC<br>By: Anselm N. Nwokorie<br>    Brian G. Smith | Counsel for Appellant |
| USRY, WEEKS & MATTHEWS<br>By: Craig E. Frosch | Counsel for Appellee,<br>Dusty Gates, Sheriff |
| McNEW, KING & LANDRY, LLP<br>By: April M. Hammett | Counsel for Appellee,<br>Church Loans and<br>Investment Trust |

* * * * *

Before WILLIAMS, MOORE, and GARRETT, JJ.

**WILLIAMS, C.J.**

The plaintiff, Nile of Louisiana, Inc., appeals a judgment granting summary judgment in favor of defendant, Church Loans and Investment Trust, and dismissing as moot the motion for summary judgment filed by defendant, Sheriff Dusty Gates, in his capacity as tax collector for Union Parish. For the following reasons, we affirm.

## FACTS

This matter involves a number of tax sales and redemptions of those tax sales. In 2004, The Biltmore Group of Louisiana, LLC ("Biltmore"), was the record owner of two contiguous tracts of land located in Union Parish. Both tracts of land (referred to as "Tract 1" and "Tract 2") were subject to mortgages in favor of Church Loans and Investment Trust ("Church Loans"). The two tracts were assessed separately by the Union Parish Tax Assessor because Tract 1 is inside the city limits of Farmerville and Tract 2 is outside city limits.

Biltmore failed to pay the 2004 property taxes for the two tracts and filed for bankruptcy in February 2005. At a tax sale in June 2005, Nile of Louisiana, Inc. ("Nile"), purchased a tax sale 45% interest in Tract 1, which is the subject of the present litigation, and a tax sale interest in Tract 2. After the 2005 taxes were not paid, a third party bought a tax sale interest in Tract 1 at the 2006 tax sale, which was later redeemed by Nile. Also in 2006, Church Loans initiated proceedings to redeem the 2005 tax sales of both tracts. However, due to a miscommunication, Church Loans was mistakenly instructed to submit the redemption amount only for Tract 2, which was redeemed.

In 2007, after the 2006 taxes for Tract 1 became delinquent, the property was adjudicated to Union Parish because there were no private bids for the tract. In February 2008, Nile redeemed the adjudication. At the 2009 tax sale for delinquent 2008 taxes for Tract 1, Nile paid the tax due by bidding an undivided 100% interest in Tract 1.

In 2009, Church Loans initiated foreclosure proceedings against Biltmore resulting in a judgment issued by a Texas state court. The Texas judgment was made executory in Louisiana and a writ of fieri facias was issued directing the Union Parish Sheriff to seize and sell the subject property, which included Tract 1. During the execution of this writ, the 2009 tax sale of Tract 1 was redeemed by Church Loans, which then discovered that its attempt in 2006 to redeem both properties had not been completed for Tract 1 because only the amount for Tract 2 had been paid. The Union Parish Sheriff calculated the amount due to redeem the 2005 tax sale. Church Loans paid this redemption amount on July 31, 2009, and the Sheriff issued a redemption certificate for Tract 1 on that same day. The foreclosure sale went forward and Church Loans bought Tracts 1 and 2 at the sheriff's sale.

In 2015, the plaintiff, Nile, filed a petition to enforce the tax deed against defendant, Sheriff Gates, in his capacity as tax collector for Union Parish. Sheriff Gates filed a motion for summary judgment with the affidavit of Alice Yelton, a deputy sheriff from 2005-2009. Nile filed a memo in opposition to summary judgment with the affidavit of Omar Elgurani, the president of Nile. At the hearing on the motion, the trial court declined to rule and instructed Nile to amend the petition adding Biltmore and Church Loans as defendants. After Nile filed an amended petition,

2

Church Loans answered and filed a motion for summary judgment arguing that the redemption was valid because the proceeding to redeem had been timely initiated, even though the final payment was made after the redemption period had lapsed. On June 19, 2018, two days before the scheduled hearing date, Nile fax filed an affidavit in response to Church Loans' motion, but did not file a written opposition.

At the hearing on Church Loans' motion, Nile sought to introduce the original affidavit into evidence, but Church Loans objected to the affidavit and to argument by Nile's counsel because the affidavit had not been timely filed and Nile had not filed an opposition. The trial court then excluded the original affidavit from evidence as not timely filed and prohibited Nile's attorney from presenting argument at the hearing.

In written reasons for judgment, the trial court accepted Church Loans' statement of uncontested facts, noting that Nile's untimely affidavit had not been considered. The trial court found that because Church Loans had taken action to redeem the property at issue within the 3-year redemption period, the redemption was valid although not completed within that period due to miscommunication with the sheriff's office. The trial court rendered judgment granting summary judgment in favor of Church Loans and declaring that based upon this ruling, Sheriff Gates' motion for summary judgment was moot.

Nile then filed a writ application. This court granted the writ and remanded for perfection of an appeal with instructions that the trial court issue a final judgment containing the necessary decretal language under La. C.C.P. art. 1918. *Nile v. Gates*, 52,515-CW (La. App. 2 Cir. 11/7/18). In November 2018, the trial court rendered a final judgment granting the

3

motion for summary judgment of Church Loans, dismissing all claims of Nile against Church Loans and declaring that based upon the judgment in favor of Church Loans, the motion for summary judgment of Sheriff Gates was moot. After the appellate record was lodged, Sheriff Gates' motion to dismiss the appeal as untimely was denied by this court.

## DISCUSSION

Nile contends the trial court erred in failing to consider Nile's affidavit previously filed in opposition to Sheriff Gates' motion for summary judgment at the hearing on Church Loans' motion. Nile argues that the affidavit should have been considered by the trial court at the subsequent hearing because Church Loans' motion for summary judgment was based on the same grounds asserted by Sheriff Gates.

A motion for summary judgment shall be granted if the motion, memorandum and supporting documents show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). Any opposition to the motion and all documents in support of the opposition shall be filed and served not less than 15 days prior to the hearing on the motion. La. C.C.P. art. 966(B)(2). The time limitation established by Article 966(B) for the serving of affidavits in opposition to a motion for summary judgment is mandatory. Affidavits not timely filed may be properly excluded by the trial court. *Buggage v. Volks Constructors*, 2006-0175 (La. 5/5/06), 928 So.2d 536.

In this case, plaintiff sought to file an affidavit in opposition to Church Loans' motion on June 19, 2018, which was only two days before the scheduled hearing date, contrary to the requirement of Article 966(B) that an opposition and supporting documents be filed not less than 15 days

4

prior to the hearing. The authority cited by Nile on appeal does not support its position that the district court should have considered the untimely affidavit in deciding the motion for summary judgment of Church Loans. Based upon this record, the trial court did not abuse its discretion in declining to consider Nile's untimely affidavit.

We note that even if properly submitted by Nile and considered by the district court, the affidavit previously filed by Nile in response to Sheriff Gates' motion for summary judgment did not state facts to contradict the statements in Yelton's affidavit that Church Loans had intended to redeem the tax sales for both tracts in 2006 and would have done so if not for the incorrect information provided concerning the redemption amount. Thus, Nile's argument lacks merit.

Nile contends the district court erred in granting summary judgment in favor of Church Loans. Nile argues that the lack of documentary evidence regarding the redemption by Church Loans in 2006 raises a genuine issue of material fact as to whether Church Loans intended to redeem Tract 1 within the 3-year redemptive period.

Property sold at a tax sale shall be redeemable for three years after the date of recordation of the tax sale by paying the price and interest. La. Const. Art. 7, Section 25(B). All redemptive periods provided in the Louisiana Constitution are peremptive. La. R.S. 47:2241. Louisiana law favors the redemption of property sold for taxes. *Becnel v. Woodland*, 628 So.2d 89 (La. App. 5 Cir. 11/23/96). The courts have recognized that equitable considerations exist in favor of the tax debtor who attempts to redeem his property within the 3-year period. *Mississippi Land Co. v. S & A Properties II, Inc.*, 2001-1623 (La. App. 3 Cir. 5/8/02), 817 So.2d 1200.

5

While the redemptive process must be initiated within the 3-year period, this process need not be completed within that time period. *S.A. Mortgage Service Co. v. Lemoine*, 2001-250 (La. App. 5 Cir. 10/17/01), 800 So.2d 1015; *Becnel v. Woodland, supra*.

Appellate courts review summary judgments de novo, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Samaha v. Rau*, 2007-1726 (La. 2/26/08), 977 So.2d 880; *Argonaut Great Central Ins. Co. v. Hammett*, 44,308 (La. App. 2 Cir. 6/3/09), 13 So.3d 1209, *writ denied*, 2009-1491 (La. 10/2/09), 18 So.3d 122. Summary judgment shall be rendered if the motion, memorandum and supporting documents show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The burden of proof remains with the mover. However, if the mover will not bear the burden of proof at trial on the matter before the court, then the mover is not required to negate every essential element of the adverse party's claim, action or defense, but rather is required to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim or defense. The adverse party then has the burden to produce factual support to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1).

In the present case, Church Loans submitted the affidavit of Alice Yelton, a former deputy sheriff in Union Parish from 2005 to July 2009, in support of the motion for summary judgment. Yelton stated in her affidavit that in 2006, Church Loans attempted to redeem the tax sales for Tracts 1 and 2, but mistakenly paid only the amount to redeem Tract 2 because of a

"miscommunication or misunderstanding" and that this mistake was not discovered until 2009, when Church Loans was executing a writ of Fi Fa regarding the property at issue. Yelton recalled it was discovered that the 2006 redemption by Church Loans "had not been completed with respect to Tract 1 because Church Loans was mistakenly only given and only paid the redemption amount associated with Tract 2."

In addition, Church Loans presented a statement of facts stating: Church Loans began the process to redeem the 2005 tax sales of both Tracts 1 and 2 in 2006, but was mistakenly instructed to pay the redemption amount only for Tract 2; as a result of the sheriff's error in providing the incorrect redemption amount, the redemption of Tract 1, although initiated in 2006, was not completed until July 2009, when Church Loans paid the remaining amount required to complete the redemption process for Tract 1 and the Union Parish Sheriff issued a redemption certificate.

The district court accepted this statement of facts as undisputed because Nile had failed to timely submit the affidavit for consideration in opposition to Church Loans' motion for summary judgment. After considering the evidence presented, the district court determined that because Church Loans had initiated the redemption process during the applicable 3-year redemptive period, the 2009 redemption of Tract 1 was deemed timely. Based upon our review of the record and the applicable law, we conclude the district court correctly granted summary judgment in favor of Church Loans, dismissing Nile's claims against Church Loans regarding the validity of the tax sale redemption.

Nile contends the district court erred in declaring the sheriff's motion moot and failing to order "reimbursement" to Nile. In the original petition

against Sheriff Gates, Nile sought correction of the parish records to show Nile as the title owner of the property at issue and rescission of the redemption certificate issued to Church Loans. Nile also alleged it suffered damages due to the sheriff's acts. Based on the district court's ruling that Church Loans' redemption of Tract 1 was valid, Nile cannot show a basis for its claims seeking correction of the property records, rescission of the redemption certificate or damages. Thus, Nile has not demonstrated that these claims against Sheriff Gates survived the summary judgment in favor of Church Loans.

Regarding Nile's claim that it is owed some unspecified reimbursement, we note that this record does not contain evidence to establish if an amount was owed or the specific amount that would be owed to Nile, if any. Thus, this matter must first be addressed in the district court. Based upon this record, the assignments of error lack merit.

## CONCLUSION

For the foregoing reasons, the district court's judgment is affirmed. Costs of this appeal are assessed to the appellant, Nile of Louisiana, Inc.

**AFFIRMED.**