989 So.2d 111 (2008)
Rosa M. SAMPEDRO Wife of/and Joaquin Sampedro
v.
The CITY OF KENNER, Louis Congemi, Mayor of the City of Kenner and Executive Risk Indemnity Inc.
No. 08-CA-24.
Court of Appeal of Louisiana, Fifth Circuit.
June 19, 2008.
*112 Lamar M. Richardson, Mandeville, LA, and Romualdo Gonzales, New Orleans, LA, for Appellants, Rosa and Joaquin Sampedro.
Patricia S. Leblanc, Michael L. Fantaci, Gloria T. Lastra, Metairie, LA, for Appellees, The City of Kenner, Louis Congemi, and Executive Risk Indemnity, Inc.
Panel composed of Judges SUSAN M. CHEHARDY, CLARENCE E. McMANUS, and FREDERICKA HOMBERG WICKER.
SUSAN M. CHEHARDY, Judge.
Plaintiffs, Rosa and Joaquin Sampedro, appeal the judgment in favor of defendants, the City of Kenner; Louis Congemi *113 (Mayor of Kenner); and Executive Risk Indemnity, Inc. (alleged insurer of the City of Kenner), finding that plaintiffs had not met their burden of proving the City of Kenner was either negligent or strictly liable for their damages from an automobile accident. For the following reasons, we affirm.

Facts and Procedural History
On the evening of January 19, 2001, as Rosa Sampedro was driving past the intersection of Williams Boulevard and Granada Street, a tall, slender oak tree fell into the path of her vehicle. Mrs. Sampedro, who was wearing her seat belt, braked quickly and struck her knees on the dashboard of her vehicle. The tree damaged her vehicle but no other vehicles were involved. Sgt. Nicholas Huth of the Kenner Police Department, investigated the incident and opined that high winds caused the tree to fall. There were no eyewitnesses to the accident.
Mrs. Sampedro was able to drive her vehicle home after the incident and sought no medical treatment that evening. A few days later, Mrs. Sampedro's attorney referred her to a chiropractor for treatment of pain in her "neck, back, and right knee and leg." The chiropractor's records reflect that he did not find swelling in either of Mrs. Sampedro's knees. She treated with the chiropractor intermittently and the only medicine he recommended for Mrs. Sampedro was ibuprofen.
Mr. and Mrs. Sampedro (hereinafter "plaintiffs") filed suit against the City of Kenner, Louis Congemi (Mayor of the City of Kenner), and Executive Risk Indemnity, Inc. (the alleged insurer of the City of Kenner) (hereinafter "defendants") on January 17, 2002. After defendants filed their answer, they moved for summary judgment, which was denied.
On September 14, 2007, the trial judge heard this matter and took it under advisement. Three witnesses testified live at trial: Rosa Sampedro, Joaquin Sampedro, and Lieutenant Nicholas Huth. Several witnesses testified via deposition, namely: Noah Morales, Dr. Raul R. Diaz, Dr. Raoul Rodriguez, and Michael Scardino. The parties also introduced into evidence the photographs and police reports from accidents at the same spot on January 18, 2001 and January 19, 2001; the affidavit of horticulturist, Dr. Malcolm Guidry; Mrs. Sampedro's medical records; the accident report from the incident at Mervyn's; the medical records from Kenner Regional Medical Center pertaining to the airport accident; defendants' responses to plaintiffs' discovery requests; and finally, copies of auto damage repair appraisals.
The testimony at trial reflected that, on January 18, 2001, the day before the accident in question, a driver lost control of his pickup truck at the intersection of Williams Boulevard and Granada Street and drove into the oak tree in question. Sergeant Huth of the Kenner Police Department investigated that accident and observed the tree that had been knocked down.
Mike Scardino, the director of Kenner's Department of Public Works, testified that the next day, which was January 19, 2001, a maintenance crew from Kenner's Department of Public Works repaired the damage to the median and replanted the tree, securing it with guy wires on three sides as it had been prior to the accident. The Public Works crew used the same guy wires attached to the tree and placed them close to the base so as not to interfere with the mowing of the grass on the median. Scardino acknowledged that an alternative would be "to put [the guy wires] farther out and just instruct the mowers to be careful about not striking the stakes of the guide[sic] wire."
*114 Scardino testified that the Public Works Department keeps a log to record any complaints regarding hazards or other nuisances, which would include reports of trees leaning over or swaying in the wind. Scardino also opined that his department had planted 200 to 300 trees in Kenner since 2000 and his department had received about a dozen complaints of leaning or fallen trees since that time. Scardino testified that the Department of Public Works had never received a complaint regarding the tree in question  including on the afternoon of January 19, 2001 after the replanting  before Mrs. Sampedro's accident.
Sgt. Huth testified that, on January 19 after 3:00 p.m., he patrolled the area around the intersection in question. Sgt. Huth testified that he drove past the intersection several times that evening and specifically noted that the tree had been replanted and appeared secure.
After weighing the evidence, the trial judge rendered judgment in favor of the defendants on September 26, 2007. Specifically, the trial judge found that the defendants did not have notice of a vice or defect before the accident in question so they were not strictly liable for plaintiffs' damages under Civil Code Article 2317 (as amended by La. R.S. 9:2800). The trial judge further found that the defendants were not negligent under Civil Code Article 2315 for the placement of the tree in question. Plaintiffs timely filed a motion for appeal.
On appeal, plaintiffs argue three assignments of error: first, the trial court erred in exonerating the defendants under Louisiana Civil Code article 2315 for their negligence in re-erecting the fallen tree on the night before the accident; second, the trial court erred in failing to consider the defendants want of skill under Louisiana Civil Code article 2316 in re-erecting the fallen tree the night before the accident; and, finally, the trial court erred in exonerating defendants from strict liability under Louisiana Civil Code article 2317 and 2317.1 and Louisiana Revised Statutes 9:2800 in failing to correct the defective guy wire locations which they knew had failed the night before the accident.
Louisiana law provides two theories under which a public entity may be held liable for damages: negligence under La. C.C. art. 2315 and strict liability under La. C.C. art. 2317. Fuselier v. Matranga, 01-721 (La.App. 5 Cir. 11/27/01), 803 So.2d 151, 154, writ denied, 01-3393 (La.3/15/02), 811 So.2d 908(citing Campbell v. DOTD, 94-1052 (La.1/17/95), 648 So.2d 898, 901). Traditionally, these theories could be distinguished, because under strict liability, a plaintiff was relieved of proving that the owner or custodian of a thing which caused damage knew or should have known of the risk involved. In 1985, however, the Louisiana Legislature enacted La.Rev.Stat. 9:2800,[1] which eviscerated this distinction *115 in claims against public entities by requiring proof of actual notice of the defect which causes damage. Thus, with respect to public entities, the burden of proof is the same under either theory. Fuselier, 803 So.2d at 154.
Defendant, the City of Kenner, is a public entity as defined by La. R.S. 9:2800(E). Further, it is undisputed that the City of Kenner had custody and control of the tree that fell near the intersection of Williams Boulevard and Granada Street on January 19, 2001.
In their first and second assignments of error, appellants argue that the City of Kenner was negligent under La. C.C. art. 2315 and La. C.C. art. 2316 because of its "want of skill" in its "re-erection" of the tree, which had been struck by a car the previous night. According to the appellants, the City of Kenner was negligent because the Public Works Department improperly erected the tree by placing the guy wires too near the base of the tree and too low on the trunk of the tree.
La. C.C. art. 2315 provides that every act which "causes damage to another obliges him by whose fault it happened to repair it." In Boudoin v. City of Kenner, 556 So.2d 123 (La.App. 5 Cir.1990), this Court stated:
Under the negligence theory of art. 2315, the plaintiff bears the burden of showing, inter alia, that the public entity had knowledge of the problem, and failed to correct it within a reasonable time. This knowledge may be actual, i.e. where the entity has been informed of or has discovered the defect, or constructive, i.e. where the defect has existed over a period of time and under such circumstances that in the exercise of due diligence the public body would have had notice of it. [Internal citations omitted].
Appellant asserts that the City of Kenner was negligent in replanting the tree, which had been knocked down by a prior accident, since the crew used the same guy wires that had always been used to secure the tree. In support of their assertion, appellant presented an affidavit from Dr. Malcolm Guidry, a horticulturist, stating that the City "improperly tied the guy wires too low on the trunk to provide adequate stability." The record, however, does not disclose any guidelines for guy-wire placement that were not followed by the City of Kenner or procedures that were lacking in its installation of trees. Further, the record discloses that, by 2003, the City had planted between 200 and 300 trees since 2000 in the same manner as the tree in question under the direction of a landscape architect and had received only a dozen complaints of leaning or falling trees.[2]
The burden of proof is on the plaintiff in a negligence action. In this case, the appellants have not met that burden by merely stating that the placement of the guy wires was improper and, thus, negligent because the tree fell over *116 in high winds. Consequently, we see no manifest error in the trial court's decision that the City of Kenner was not negligent in the placement of the guy wires used to secure the tree in question.
In their third assignment of error, appellants argue that the City of Kenner was strictly liable for their damages under La. C.C. art. 2317 because the City knew of the defective guy wires and failed to correct said defect before Mrs. Sampedro's accident. La. R.S. 9:2800(B)[3] provides that in claims against a public entity, based upon strict liability imposed under La. C.C. art. 2317, "no person shall have a cause of action against the public entity for damages caused by a condition under its control absent a showing of actual or constructive notice of the particular condition and a reasonable opportunity to remedy the defective condition." Therefore, the plaintiff must establish that the thing which caused the damage was in the custody of the defendant, that it was defective, and that the defendant had actual or constructive notice of the defect and failed to take corrective measures within a reasonable time. Lee v. State, Through Department of Transportation and Development, 97-0350 (La.10/21/97), 701 So.2d 676.
As to the issue of actual notice, we find that the City of Kenner did not have actual notice of the downed tree before the accident in question. The record reveals that Sergeant Huth patrolled the area several times after 3:00 p.m. on the day of the accident and he observed the tree was standing "securely." The next notice that the City of Kenner received that the tree was down came at the same time they were informed that an accident occurred. Therefore, the question presented on this appeal becomes whether the City of Kenner had constructive notice of a defective condition in the tree prior to the accident.
La. R.S. 9:2800(C) defines constructive notice as the "existence of facts which infer actual knowledge."[4] Appellants point out that the City of Kenner was aware that the tree had been knocked downed the night before this accident so it was aware that "the defective guy wire locations ... had failed the night before the accident."
In the present case, the testimony at trial established that the tree was replanted in the morning before Mrs. Sampedro's accident. Further, the record supports the theory that the tree fell because of high winds on the evening of January 19, 2001. Based on the law set forth above, we cannot say that the fact that a tree was knocked down then re-planted "securely" constitutes constructive notice of a defect in the guy wire or the tree's placement. We see no manifest error in the trial court's finding that the City of Kenner did not have actual or constructive notice of the downed tree prior to the accident.
Under both theories of liability, we hold that the appellants have not met their burden of proving that the City of Kenner was aware, either actually or constructively, of the tree being down on the night of the accident. The decision of the trial court in favor of the City of Kenner is hereby affirmed.
AFFIRMED.
NOTES
[1] Mrs. Sampedro's accident occurred on January 19, 2001. The relevant version of La. R.S. 9:2800, which became effective November 23, 1995, read:

A. A public entity is responsible under Civil Code Article 2317 for damages caused by the condition of buildings within its care and custody.
B. Except as provided for in Subsection A of this Section, no person shall have a cause of action based solely upon liability imposed under Civil Code Article 2317 against a public entity for damages caused by the condition of things within its care and custody unless the public entity had actual or constructive notice of the particular vice or defect which caused the damage prior to the occurrence, and the public entity has had a reasonable opportunity to remedy the defect and has failed to do so.
C. Constructive notice shall mean the existence of facts which infer actual knowledge.
D. A violation of the rules and regulations promulgated by a public entity is not negligence per se.
E. "Public entity" means and includes the state and any of its branches, departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, employees, and political subdivisions and the departments, offices, agencies, boards, commissions, instrumentalities, officers, officials, and employees of such political subdivisions. Public entity also includes housing authorities, as defined in R.S. 40:382(1), and their commissioners and other officers and employees.
[2] The events of this case preceded Hurricane Katrina. The accident that precipitated this case occurred on January 19, 2001. The Director of Kenner's Department of Public Works was deposed in 2003.
[3] See Fn. 1, supra.
[4] See Fn. 1, supra.