MARC E. JOHNSON, Judge.
 

 | gPlaintiff/appellant, Susan Hubbard, appeals the granting of an exception of no cause of action and the granting of a motion for summary judgment in favor of defendant, Jefferson Parish Parks and Recreation, dismissing her claims with preju
 
 *1108
 
 dice. For the reasons stated herein, we affirm both judgments.
 

 FACTS AND PROCEDURAL HISTORY
 

 Plaintiff filed a petition for bodily injury and sex discrimination against Jefferson Parish Parks and Recreation
 
 [1]
 
 and its insurer, Reliance Insurance Company, on October 5, 1999. In her petition, she alleged she suffered a broken ankle after sliding into third base at Mike Miley playground in Jefferson Parish during an adult league softball game. She asserted the break away base system used by defendant was improperly maintained and, thus, caused her injury. | .^Plaintiff alleged defendant knew or should have known about the defective condition of the base and failed to remedy the defect. Additionally, plaintiff claimed defendant was negligent because it discriminated against women by forcing the women to play on poorly maintained fields, while the “good fields” were reserved for the men. Plaintiff alleged this discrimination contributed to her accident and sought damages for the discrimination.
 

 Defendant filed an exception of no cause of action seeking to strike paragraph 12 of plaintiffs petition relating to the sex discrimination claim on the basis there was no legal remedy for the facts alleged. The trial court granted the exception of no cause of action and ordered that paragraph 12 of plaintiffs petition be stricken. Plaintiff filed a writ with this court seeking review of the trial court’s ruling, but we declined to exercise our supervisory jurisdiction at that time.
 
 Hubbard v. Jefferson Parish Parks & Recreation, et al,
 
 00-1250 (La.App.7/20/00), (unpublished writ).
 

 Almost nine years later, in January 2009, defendant filed a motion for summary judgment claiming there were no genuine issues of material fact. Defendant asserted plaintiff could not establish the existence of a defect in the field or base or that any alleged defect was unreasonably dangerous. Defendant further alleged plaintiff could not show defendant had actual or constructive knowledge of the defect.
 

 After a hearing, the trial court concluded there were no material facts in dispute and granted defendant’s motion for summary judgment, dismissing plaintiffs claims with prejudice. In its reasons for judgment, requested by plaintiff, the trial court stated there was no genuine issue of material fact as to the placement of the base plate the night of the accident. It further stated there was no evidence the third base plate was defective or unsafe or that defendant had notice 14of the defect. The trial court noted that “after the accident the base top was inspected and placed back on the base plate and the game resumed.” Plaintiff subsequently filed a motion for new trial, which was denied.
 

 
 *1109
 

 ISSUES
 

 Plaintiff raises two issues on appeal. First, she asserts the trial court erred in granting defendant’s motion for summary-judgment. Second, she contends the trial court erred in granting defendant’s exception of no cause of action and dismissing paragraph 12 of her petition.
 

 LAW AND ANALYSIS
 

 Motion for Summary Judgment
 

 Plaintiff contends genuine issues of material facts exist that preclude summary judgment. She asserts the trial court improperly made credibility determinations in concluding there were no genuine issues of material fact and in granting defendant’s motion for summary judgment.
 

 A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966(B). The initial burden of proof is with the mover to show that no genuine issue of material fact exists. If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. The non-moving party must then produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the non-moving party fails to do so, there is no genuine issue of material fact and summary judgment | ^should be granted. La.C.C.P. art. 966(C)(2);
 
 Callis v. Jefferson Parish Hosp. Service, Dist.
 
 #
 
 1,
 
 07-580, pp. 4-5 (La.App. 5 Cir. 12/27/07), 975 So.2d 641, 643.
 

 The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and is favored in the law. La.C.C.P. art. 966(A)(2);
 
 Robinson v. Jefferson Parish School Bd.,
 
 08-1224, p. 13 (La.App. 5 Cir. 4/7/09), 9 So.3d 1035, 1043,
 
 writ denied,
 
 09-1187 (La.9/18/09), 17 So.3d 975. Even though the summary judgment procedure is favored, it is not a substitute for trial on the merits.
 
 S.J. v. Lafayette Parish School Bd.,
 
 06-2862, p. 5 (La.6/29/07), 959 So.2d 884, 887 (per curiam).
 

 A material fact is one that potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the lawsuit.
 
 Hines v. Garrett,
 
 04-806, p. 1 (La.6/25/04), 876 So.2d 764, 765 (per curiam). A genuine issue is a “triable issue.”
 
 Smith v. Our Lady of the Lake Hosp., Inc.,
 
 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. If reasonable persons could disagree after considering the evidence, a genuine issue exists. However, if reasonable persons could reach only one conclusion on the state of the evidence, there is no need for a trial on that issue and summary judgment is appropriate.
 
 Id.; Alwell v. Meadowcrest Hosp., Inc.,
 
 07-376, p. 4 (La.App. 5 Cir. 10/30/07), 971 So.2d 411, 414. “In determining whether an issue is ‘genuine,’ courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence.”
 
 Smith,
 
 93-2512 at 27; 639 So.2d at 751.
 

 Appellate courts review the granting or denial of a motion for summary judgment
 
 de novo
 
 under the same criteria governing the district court’s consideration of whether summary judgment is appropriate. Specifically, appellate courts must ask the same questions as the district court: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a |fimatter of law.
 
 Matthews v. Banner,
 
 08-339, p. 3 (La.App. 5 Cir. 10/28/08), 996 So.2d 1161, 1163.
 

 
 *1110
 
 Whether a particular fact is material can be seen only in light of the substantive law applicable to the case.
 
 Kline v. Farm Bureau Ins. Companies,
 
 06-129, p. 6 (La.App. 5 Cir. 9/26/06), 942 So.2d 1080, 1083,
 
 writ denied,
 
 06-2575 (La.12/15/06), 945 So.2d 697. Louisiana law provides two theories under which a public entity may be held liable for damages: negligence under La.C.C. art. 2815 and strict liability under La.C.C. art. 2317.
 
 Sampedro v. City of Kenner,
 
 08-24, p. 5 (La.App. 5 Cir. 6/19/08), 989 So.2d 111, 114,
 
 writ denied,
 
 08-1596 (La.10/24/08), 992 So.2d 1041. Traditionally, these theories could be distinguished, because under strict liability, a plaintiff was relieved of proving that the owner or custodian of a thing which caused damage knew or should have known of the risk involved. However, in 1985, La. R.S. 9:2800 was enacted and eviscerated this distinction in claims against public entities by requiring proof of actual or constructive knowledge of the defect which causes the damage. Thus, with respect to public entities, the burden of proof is the same under either theory.
 
 Id.,
 
 08-24 at 5-6, 989 So.2d at 114-15.
 

 In order to prevail on a claim against a public entity for negligence or strict liability, a plaintiff must prove that: (1) the entity owned or had custody of the thing that caused the damage; (2) the thing was defective in that it created an unreasonable risk of harm to others; (3) the entity had actual or constructive knowledge of the defect or unreasonable risk of harm and failed to take corrective action within a reasonable time; and (4) the defect was a cause-in-fact of plaintiffs injuries.
 
 Butkiewicz v. Evans,
 
 06-236, p. 5 (La.App. 5 Cir. 9/26/06), 943 So.2d 509, 513.
 

 |7In its motion for summary judgment, defendant maintained there was no evidence that the base constituted a defect or that the defect rose to the level of being unreasonably dangerous. Defendant also argued that there was no evidence it had notice of any defect. In support of its motion, defendant attached to its memorandum an information sheet on the break away base system used at the playground; three photographs of the base taken the day after the accident; the entire depositions of Natalie Stoufflet, the Special Programs Supervisor for Jefferson Parish Recreation, and Jennifer Maunoir, the score keeper on the night of the accident; a portion of the deposition of Matthew Perkins, the groundskeeper who maintained the field at the playground; and, the Jefferson Parish incident report.
 

 Plaintiff opposed the motion for summary judgment and attached to her opposition memorandum a portion of the installation instructions for the break away base system; the deposition of Becky Rousseau, the third base coach who witnessed the accident; photographs of the base taken approximately one to two weeks after the accident; and, the entire deposition of Matthew Perkins. At the hearing on the motion for summary judgment, plaintiff sought to introduce additional depositions but the trial court restricted the evidence to excerpts of the depositions. Plaintiff did not object and subsequently submitted excerpts from her own deposition and the depositions of Tim O’Quinn, the Center Supervisor; Cathy Moser, who took photographs of third base a few weeks after the accident; Kevin O’Quinn; and, Brian Le-Compte.
 

 It is undisputed that defendant, Consolidated Recreation and Community Center and Playground District No. 1, had custody and control of the playground where plaintiff was injured and the base on which plaintiff was injured. Thus, the issue is whether there are any genuine issues of material fact as to any of the three
 
 *1111
 
 | ¡¡remaining essential elements: existence of an unreasonable defect, notice, or causation.
 

 . The record shows the break away base system used by defendant at Mike Miley playground consists of an anchor, a base plate, and a base top. The design allows the base top to “break away” when someone slides into the base to prevent injury. According to the installation manual and the warning on the top of the base plate, the top surface of the base plate must sit slightly below or level with the ground around it and only the nipples on the base plate and the base top itself are to be above the ground.
 

 Contrary to the trial court’s finding, we find there is contradictory evidence regarding whether a defect existed; specifically, there is a genuine issue of fact as to the placement of the base plate at the time of the accident. Natalie Stoufflet, the Special Programs Supervisor for Jefferson Parish Recreation, was not present at the time of plaintiffs accident but was responsible for investigating the accident. She stated she examined third base the morning after the accident and took three pictures. She noted it was drizzling when she took the pictures. She stated the photographs showed the base plate and explained the top base was not on the base plate in the pictures. Ms. Stoufflet admitted that it appeared from the photographs that a portion of the base plate was above the ground. However, several witnesses indicated the photographs did not accurately depict the condition of the base at the time of plaintiffs accident.
 

 Jennifer Maunoir, who was the score keeper at the time plaintiff was injured, stated in her deposition that on the night of the accident, the base plate at third base did not look like the photographs taken by Ms. Stoufflet. Ms. Maunoir stated the base plate was below the ground at the time of plaintiffs accident. Conversely, Becky Rousseau, the third base coach who witnessed plaintiffs accident, stated in | ¡her deposition that the base plate was above the ground at the time of the accident and that plaintiffs foot hit the raised base plate. Ms. Rousseau explained she saw a one to two-inch gap between the base plate and the ground. She further explained she could see a pole or post in the gap. Ms. Rousseau also stated Ms. Stoufflet’s photographs did not accurately reflect the condition of the base on the night of the accident.
 

 Defendant argues that even assuming a defect exists, there is no evidence the defect was unreasonably dangerous because a game had been played prior to plaintiffs game with no injury and the game continued after plaintiffs accident without incident. Ms. Stoufflet, who was not present on the night of the accident, stated she was told by Ms. Maunoir that other players slid into bases and did not get hurt. However, there was no indication the players slid into third base. Additionally, there was no clear indication whether the base top came off when other players slid so as to expose the base plate.
 

 Nonetheless, because plaintiff bears the burden of proof at a trial on the merits, defendant needed only to show an absence of factual support for one essential element. We find defendant sufficiently showed it did not have actual or constructive notice of the alleged defect and that plaintiff failed to produce any factual support to the contrary.
 

 As stated above, the plaintiff has the burden of proving actual or constructive notice of defendant. Constructive notice is defined as “the existence of facts which infer actual knowledge.” La. R.S. 9:2800(C). Constructive notice can be found if the condition which caused the
 
 *1112
 
 injury existed for such a period of time that those responsible, by the exercise of ordinary cai'e and diligence, must have known of its existence in general and could have guarded the public from |ininjury.
 
 Callis v. Jefferson Parish Hosp. Service, Dist. # 1,
 
 07-580 at 5, 975 So.2d at 643.
 

 Matthew Perkins, the groundskeeper at the playground at the time of plaintiffs accident, explained in his deposition that the fields were graded during the day before every game. Mr. Perkins stated he knew the base plate was supposed to be level with or sit slightly below the soil. He described that he graded the field by spreading the dirt on the field using a tractor with a peg behind it, and then raking around the base plates to put more dirt around the plates to make it level. He explained the base tops were not on the base plates when the field was being graded. Although he did not have any independent recollection of grading the field on the day of plaintiffs accident, which occurred almost eleven years before his deposition was taken, Mr. Perkins stated he would have graded the field using the above procedure on the day of the accident. When shown the picture of the base plate taken the day after the accident, Mr. Perkins stated that the base plate would have had more dirt around it on the day of the accident than what was shown in the picture.
 

 In her deposition, Ms. Stoufflet recalled one other lawsuit from a sliding injury but did not recall any specific complaints about the bases in the past or prior to plaintiffs accident.
 

 Plaintiff failed to offer any evidence to refute Consolidated Recreation and Community Center and Playground District No. l’s denial of notice, or to establish it must have known of the existence of the alleged defect by the exercise of ordinary care and diligence. Without proof that a genuine issue of material fact exists regarding the actual or constructive notice of the alleged defect, plaintiff lacks the required factual support to prove an essential element of her claim and, therefore, cannot overcome defendant’s motion for summary judgment. | nAccordingly, we find defendant is entitled to summary judgment as a matter of law.
 

 Exception of No Cause of Action
 

 Plaintiff argues the trial court erred in granting defendant’s exception of no cause of action as to her allegations of discrimination and dismissing paragraph 12 of her petition. Paragraph 12 of plaintiffs petition stated:
 

 Jefferson Parish and its Department of Parks and Recreation are also negligent due to the fact they discriminate against women. Unlike the men and boys, the women are given the poorly maintained fields. There are good fields that are not being used; however, the Parish will not allow the women to play on these fields, as they are generally reserved for the men and boys. The women’s teams are clearly not treated equally with the men’s and boy’s teams. Plaintiff also suffered damages for this discrimination as well, which was also a contributory cause of this accident.
 

 Defendant filed an exception of no cause of action claiming this paragraph did not state a cause of action for which any legal remedy could be afforded. Plaintiff responded by arguing she had stated a cause of action for sex discrimination under La. R.S. 49:146 by alleging she was denied equal access as a female to the well-maintained baseball fields, which were saved for the men and boys, and that said discrimination contributed to her injury.
 

 La. R.S. 49:146 states, in pertinent part:
 

 § 146. Facilities to which public invited; discrimination
 

 
 *1113
 
 A. (1) In access to public areas, public accommodations, and public facilities, every person shall be free from discrimination based on race, religion, or national ancestry and from arbitrary, capricious, or unreasonable discrimination based on age, sex, or physical or mental disability.
 

 (2) For purposes of this Section, a public facility is defined as any publicly or privately owned property to which the general public has access as invitees and shall include such facilities open to the public as hotels, motels, restaurants, cafes, barrooms, and places of entertainment or recreation but shall not include any private club.
 

 [[Image here]]
 

 | [2(4) Anyone who is denied access to such facilities in violation of this Section shall have as his remedy the same state civil remedy as provided in Article 2315 of the Louisiana Civil Code that is applicable when one has been harmed or injured by another.
 

 In
 
 Cleco Corp. v. Johnson,
 
 01-0175, p. 3 (La.9/18/01), 795 So.2d 302, 304, the Louisiana Supreme Court enunciated the standard for reviewing the grant of an exception of no cause of action:
 

 The function of the peremptory exception of no cause of action is to question whether the law extends a remedy to anyone under the factual allegations of the petition. The exception is tried on the face of the pleadings and the court accepts the facts alleged in the petition as true, determining whether the law affords relief to the plaintiff if those facts are proved at trial. In reviewing a trial court’s ruling sustaining an exception of no cause of action, the court of appeal and this court should subject the case to de novo review because the exception raises a question of law, and the lower court’s decision is based only on the sufficiency of the petition.
 

 [Internal citations omitted.]
 

 Applying these principles, we find plaintiffs petition fails to allege facts that state a cause of action under La. R.S. 49:146. Plaintiff simply concludes in her petition, without any allegation of facts, that the Parish will not allow women to play on the “good fields,” which “are generally reserved for the men and boys.” Plaintiff never alleged that she or her team ever requested to play on a field reserved exclusively for men and were denied access to the requested field on the basis of her gender. Further, plaintiff failed to allege exclusive fields for men even existed, but rather merely alleged there were fields “generally reserved” for men. Thus, we find plaintiff’s petition fails to allege facts sufficient to state a cause of action for the denial of access to a public facility on the basis of gender under La. R.S. 49:146.
 

 J^CONCLUSION
 

 Based on the record before this Court, we affirm the decisions of the trial court granting defendant’s exception of no cause of action and granting defendant’s motion for summary judgment.
 

 AFFIRMED.
 

 [1]
 

 . When filing its answer, Jefferson Parish Parks and Recreation indicated it was erroneously named in the lawsuit and that its correct name was Consolidated Recreation and Community Center and Playground District No. 1 ("Playground District No. 1”). Defendant filed an exception of misjoinder and nonjoinder of an indispensable party asserting that Jefferson Parish Parks and Recreation and the Parish of Jefferson were improperly joined in the lawsuit and that plaintiff failed to join an indispensable party, Playground District No. 1. A minute entry shows the exception was ruled moot. Thereafter, defendant filed pleadings in the name of Playground District No. 1 stating that it was erroneously named as the Parish of Jefferson and Jefferson Parish Parks and Recreation. The judgment on appeal refers to defendant as Playground District No. 1, erroneously named as the Parish of Jefferson and Jefferson Parish Parks and Recreation. Defendant's brief on appeal indicates it was filed on behalf of Playground District No. 1 and Jefferson Parish Parks and Recreation. As such, we will refer to defendant as Playground District No. I throughout this opinion.