MARION F. EDWARDS, Chief Judge.
12Plaintiff/appellant, Delores Casborn (“Ms. Casborn”), appeals from an adverse judgment of the trial court in which the court granted a defense motion for summary judgment and dismissed Ms. Cas-born’s trip and fall lawsuit against Consolidated Road District A of the Parish of Jefferson (“Road District”). We affirm.
Ms. Casborn was on her way to sit with a family member who was a patient at West Jefferson Medical Center when she caught her foot on an uneven concrete section of walkway next to the parking garage. Ms. Casborn fell, suffering injuries to her foot, neck, and shoulder. She filed this action against the Jefferson Parish Hospital District No. 1 d/b/a West Jefferson Medical Center and West Jefferson (“West Jefferson”) and the Road District.
West Jefferson filed an exception of vagueness and ambiguity and the Road District filed an answer to the lawsuit asserting a general denial of liability.[1]
*542 |sThe parties conducted discovery, after which the Road District filed a motion for summary judgment. The trial court held a hearing on the matter and granted the motion dismissing Ms. Casborn’s claims against the Road District with prejudice. It is that judgment which is before this Court for review.
A mover is entitled to a summary judgment only on a showing that there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law.[2]
In its motion for summary judgment, the Road District argued that the sidewalk did not create an unreasonable risk of harm and also that there was no notice of the defect. In support of the motion, the Road District attached the General Liability Accident Report created by the Streets Department of Jefferson Parish, which shows that Ms. Casborn reported the trip and fall. The Road District also attached, as an exhibit, the response to Ms. Cas-born’s interrogatories in which it states that there were six requisitions for sidewalk repair from September 8, 2009 through October 80, 2009, but none referred to this particular area. The Road District also attached an affidavit of Director of Jefferson Parish Public Works Department Randy Nicholson from August 2005. In that affidavit, Mr. Nicholson stated that he reviewed the petition filed by Ms. Casborn in this action and the investigation report. Mr. Nicholson attested that he has access to the Public Works Office records regarding work orders, complaints, incident reports, and accident reports of all sidewalks and streets located in Jefferson Parish. After a review of all of the records for the period of January 2009 through the date of the affidavit for any sidewalk defects on the entirety of 1000 and 1100 blocks of Medical Center Boulevard, Mr. Nicholson found that, prior to Ms. Casborn’s complaint in September 2009, Jefferson Parish had not received any telephone calls, complaints, |4or reports of any defective conditions or resulting accidents at or near the concrete walkway next to the parking garage at West Jefferson where Ms. Casborn fell. Further, the records show that, in July 2009, Jefferson Parish performed some patching of holes with cold mix on Medical Center Boulevard at Tenth Street; however, not in the area in which Ms. Casborn fell. Documentation, including work orders, supports that affidavit.
In opposition to the motion for summary judgment, Ms. Casborn attaches her own affidavit in which she estimates a difference in the concrete sidewalk stones is about two inches in the place where she tripped. She has attached photos of the site to show the disparity of height. Ms. Casborn also stated that she returned to the accident site subsequent to the fall and noted that “some type of cement substance” has been placed at the site to eliminate the hazard. Photos of that repair work are also included. Ms. Casborn also offers the affidavit of Cassandra Richardson who was employed at West Jefferson Hospital at the time of the incident. Ms. Richardson stated that she is familiar with the sidewalk where Ms. Casborn fell and knows that one cement stone was higher than the one adjacent.
Appellate courts review the granting or denial of a motion for summary judgment de novo under the same criteria governing the district court’s consideration of whether summary judgment is appropriate. Specifically, an appellate court must ask the same questions as the district *543 court: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law.[3] A genuine issue is a “triable issue.”[4] A material fact is one that potentially insures or precludes recovery, affects a litigant’s ultimate success, |sor determines the outcome of the lawsuit.[5] We must view the issue of whether a particular fact is material only in light of the substantive law applicable to the case.[6]
The Road District is a public entity. In actions against a public entity, the plaintiff must establish that the thing which caused the damage was in the custody of the defendant, that the thing was defective because it had a condition which created an unreasonable risk of harm, that defendant had actual or constructive notice of the defect and failed to take corrective measures within a reasonable time, and that the defect was a cause in fact of plaintiffs injuries.[7]
Courts have adopted a risk-utility balancing test to determine whether a condition is unreasonably dangerous under which the trier of fact must balance the gravity and risk of harm against the individual and societal utility, and the cost and feasibility of repair.[8] The vice or defect must be of such a nature as to constitute a dangerous condition that would be reasonably expected to cause injury to a prudent person using ordinary care under the circumstances.[9] While there is no fixed rule regarding deviations of elevation in a sidewalk, deviations of one-half to two inches have not been held to present an unreasonable risk of harm.[10] We find that, under the circumstances of the matter before us, after applying the risk-utility balancing test, the deviation in the sidewalk does not rise to the level of an unreasonably dangerous condition.
|rA plaintiff must also show notice. “Constructive notice shall mean the existence of facts which infer actual knowledge.” [11] Constructive notice can be found if the conditions which caused the injury existed for such a period of time that those responsible, by the exercise of ordinary care and diligence, must have known of their existence in general and could have guarded the public from injury.[12]
Louisiana law provides two theories under which a public entity may be held liable for damages: negligence under La. C.C. art. 2315, and strict liability under La. C.C. art. 2317.[13] Traditionally, these theo *544 ries could be distinguished, because under strict liability, a plaintiff was relieved of proving that the owner or custodian of a thing which caused damage knew or should have known of the risk involved. However, with the enactment of La. R.S. 9:2800, the legislature has eviscerated this distinction in claims against public entities by requiring proof of actual or constructive knowledge of the defect which causes the damage under either theory. Thus, with respect to public entities, the burden of proof is the same under either theory.[14]
Under the law of summary judgment, the initial burden of proof is with the mover to show that no genuine issue of material fact exists. If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action, or defense. The non-moving party must then produce factual support sufficient to establish that he will be able to satisfy his |7evidentiary burden of proof at trial. If the non-moving party fails to do so, there is no genuine issue of material fact and summary judgment should be granted.[15]
In the matter before us, the trial court found that the mover, Road District, who will not bear the burden of proof at trial, has shown the absence of factual support for actual or constructive notice of the defect, an essential element of Ms. Casborn’s action. We agree. The Road District has produced testamentary and documentary evidence to show that it has no notice of the difference of height of the concrete sidewalk blocks where Ms. Cas-born fell. Ms. Casborn produced only her own testimony about the fall, photos of the defect, and an affidavit of a hospital worker that the sidewalk had been in that condition for some time before Ms. Cas-born fell. We do not find that to be enough factual support to show that she will be able to satisfy her evidentiary burden of proof at trial at trial regarding the essential element of actual or constructive notice.
For the foregoing reasons, we find the trial court’s grant of the motion for summary judgment filed by the Road District to be correct and we affirm that judgment. The matter is remanded for further proceedings.

AFFIRMED AND REMANDED

. It appears from the record that West Jefferson’s exception is still undecided by the trial *542 court.

. La. C.C.P. art. 966(B).

. Id.

. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751.

. Meaux v. Wendy’s Intern., Inc., 10-111 (La.App. 5 Cir. 10/26/10), 51 So.3d 778, 783.

. Hubbard v. Jefferson Parish Parks and Recreation, 10-24 (La.App. 5 Cir. 5/25/10), 40 So.3d 1106, 1110, writ denied, 10-1486 (La.10/1/10), 45 So.3d 1102.

. La. R.S. 9:2800; Warden v. Richoux, 09-794 (La.App. 5 Cir. 3/23/10), 40 So.3d 139, 145, writ denied, 10-0921 (La.6/25/10), 38 So.3d 340.

. Pryor v. Iberia Parish School Bd., 10-1683 (La.3/15/11), 60 So.3d 594, 596.

. Daigle v. Parish of Jefferson, 08-1310 (La.App. 5 Cir. 12/8/09), 30 So.3d 55, 63, writ denied, 10-0044 (La.3/26/10), 29 So.3d 1262.

. Chambers v. Village of Moreauville, 11-898 (La.1/24/12), 85 So.3d 593, and cases cited therein.

. La. R.S. 9:2800(D).

. Blount v. East Jefferson Gen. Hosp., 04-407 (La.App. 5 Cir. 10/12/04), 887 So.2d 535, 538.

. Hubbard v. Jefferson Parish Parks and Recreation, supra, at 1110.

. Id.

. La. C.C.P. art. 966(C)(2); Meaux v. Wendy’s Intern., Inc., supra, at 782.