JUDE G. GRAVOIS, Judge.
| aPlaintiff/appellant, Perry T. Custer, Jr., appeals a summary judgment that upheld the validity of a tax sale of property owned by him at the time of the tax sale, despite his claims that he did not receive legally effective notice of the sale. For the reasons that follow, we vacate the judgment under review and remand the matter to the trial court for further proceedings consistent with this opinion.

FACTS AND PROCEDURAL HISTORY

The relevant facts in this case are not in dispute. PTC Family Investments, L.L.C. (“PTC”), of which Mr. Custer is the sole and managing member, owned the property in question, located at 456 Pellerin Drive in Kenner, Louisiana.[1] PTC owned the property and was assessed for the property taxes in 2006, the year of the tax delinquency. It is undisputed that PTC received legally effective notice of the tax delinquency on March 22, 2007, which the Sheriff sent via registered mail pursuant *10 to La. R.S. 47:2180[2] to PTC’s principal place of business on Hastings Drive in Metairie, Louisiana, which was also Mr. Custer’s home. The notice’s return receipt was signed as received by Mr. Custer’s step-daughter.
|aThe first advertisement of the tax sale took place on May 10, 2007 in the manner required by La. R.S. 47:2180. On May 17, 2007, PTC transferred the Pellerin Drive property to Mr. Custer individually, which Act of Transfer was recorded on May 24, 2007 in the conveyance records of Jefferson Parish. At the time of the transfer, Mr. Custer also executed a mortgage in favor of BNC Mortgage, Inc. The second advertisement of the tax sale was made on June 7, 2007. The tax sale took place on June 13, 2007, resulting in the property being purchased by Gala Investments, L.L.C. (“Gala”). It is undisputed that Mr. Custer personally, as record owner of the property since May 24, 2007 and on the date of the tax sale, was not sent a notice of the pending tax sale by the Sheriff prior to the tax sale.
On March 24, 2011, Mr. Custer filed suit against Gala to annul the tax sale on the grounds that it was an absolute nullity because no notice of the tax sale was sent to him, personally, as record owner of the property at the time of the tax sale on June 13, 2007. Gala answered the petition. Mr. Custer filed a supplemental and amending petition on May 17, 2011, further alleging that BNC Mortgage, Inc., the mortgagee on the date of the tax sale, was likewise never furnished notice of the tax sale as required by law. On January 18, 2012, Gala filed a reconventional demand and a third-party demand, seeking to confirm its tax title, and also adding U.S. Bank, N.A. (“U.S. Bank”), the successor-in-interest to BNC Mortgage, Inc., as third-party defendant.
Mr. Custer answered the reconventional demand; however, U.S. Bank failed to answer or otherwise make an appearance. Gala obtained a default judgment against U.S. Bank, which was confirmed on April 1, 2013, and which has not been appealed or otherwise challenged.
l4On December 20, 2013, Gala filed a motion for summary judgment urging the Court to quiet title to the subject property. Gala offered into evidence a certified copy of the tax deed. Mr. Custer opposed the motion for summary judgment, arguing that he, personally, as record owner of the property on the date of the sale, did not receive notice of the tax sale as required by law. He attached to his opposition the duly recorded Act of Transfer by PTC to himself dated May 17, 2007, as well as his affidavit stating that he did not receive notice of the tax sale, either before or after the tax sale took place. Gala filed a reply to the opposition, attaching the return receipt of the delinquency notice signed by Mr. Custer’s stepdaughter, as well as a printout from the Secretary of State’s Office showing that PTC’s registered agent and sole officer was Mr. Custer.
The matter came up for a hearing on February 12, 2014. The trial court held the matter open for supplemental briefing. The parties appeared for additional arguments on February 19, 2014, at which time the trial court ruled in favor of Gala, finding the tax sale valid. A written judgment to that effect was signed on February 28, 2014. This timely appeal followed.
On appeal, Mr. Custer argues that the trial court erred: 1) in finding that the Sheriff gave proper notice of the tax delin *11 quency to the record owner at the time of the sale; 2) in failing to consider that the Sheriff did not send a notice of delinquency to the mortgagee; and B) in accepting the tax deed as prima facie proof of the validity of the tax sale.

LAW AND ANALYSIS

Appellate courts review a district court’s grant of summary judgment de novo, viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Bourgeois v. Boomtown, LLC of Delaware, 10-553 (La.App. 5 Cir. 2/15/11), 62 So.3d 166, 169. A motion for ^summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966.
A material fact is one that potentially insures or prevents recovery, affects a litigant’s ultimate success, or determines the outcome of the lawsuit. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 751. An issue is a genuine issue if it is such that reasonable persons could disagree; if only one conclusion could be reached by reasonable persons, summary judgment is appropriate, as there is no need for trial on that issue. Id. Whether a particular fact is material can be seen only in light of the substantive law applicable to the case. Hubbard v. Jefferson Parish Parks and Recreation, 10-24 (La.App. 5 Cir. 5/25/10), 40 So.3d 1106, 1110.
Summary judgment procedure is intended to make a just and speedy determination of every action. La. C.C.P. art. 966. It is favored and the procedure shall be construed to achieve this intention. Id. Under La. C.C.P. art. 966, the initial burden is on the mover to show that no genuine issue of material fact exists. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense, the non-moving party then must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. La. C.C.P. art. 966(C)(2). If the non-moving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. La. C.C.P. arts. 966 and 967; Paternostro v. Wells Fargo Home Mortg., Inc., 09-469 (La.App. 5 Cir. 12/8/09), 30 So.3d 45, 47-48.
| (¡Because the trial court granted summary judgment in favor of the tax purchaser, the law governing tax sales underlies our review of the grant of summary judgment. Tax sales are presumed valid, and La. Const, art. VII, § 25(A)(1) provides that the “tax deed by a tax collector shall be prima facie evidence that a valid sale was made.” La. Const. art. VII, § 25(A)(1); Smitko v. Gulf S. Shrimp, Inc., 11-2566 (La.7/2/12), 94 So.3d 750, 757. The opponent of the motion must then offer evidence sufficient to rebut the presumption of regularity. Only if the presumption is sufficiently rebutted does it become the burden of the tax purchaser to go forward and prove that all requisites for a valid tax sale were complied with. Smitko v. Gulf S. Shrimp, Inc., supra.

FIRST ASSIGNMENT OF ERROR Notice to the record owner

Article VII, Section 25(A) of the Louisiana Constitution requires the tax collector to provide notice of the tax delinquency and the tax sale to all owners of record of any interest in the property, as well as mortgagees with an interest in the property. Smitko v. Gulf South Shrimp, 94 So.2d at 756. In former La. R.S. *12 47:2180, which was in effect at the time of the tax sale in this case, the legislature set forth the manner by which notice of delinquencies in immovable property taxes must be provided in compliance with La. Const, art. VII, § 25. La. R.S. 47:2180 provided, in pertinent part:
A. (l)(a) On the second day after the deadline for payment of taxes each year, or as soon thereafter as possible, the tax collector shall address to each taxpayer who has not paid all the taxes which have been assessed to him on immovable property or to the record owner of the property for which the taxes are delinquent, or to the actual owner in the event the record owner is deceased, written or printed notice in the manner provided for herein that his taxes on immovable property must be paid within twenty days after the service or mailing of the notice, or that the property will be sold according to law.
|7(b) On the second day of January of each year, or as soon thereafter as possible, in each year following the year in which the original notice of delinquency is made pursuant to Subparagraph (a) herein, the tax collector shall address to each taxpayer who has not paid all the taxes which have been assessed to him on immovable property a written notice in the manner provided herein. The notice shall specify the property upon which the taxes are delinquent, the amount of taxes due, and the manner in which the property may be redeemed. The notice shall be made each year until the property is no longer redeemable as provided in Article VII, Section 25(B) of the Constitution of Louisiana. The cost of mailing the notice shall be considered cost for purposes of redemption.
[[Image here]]
B. The tax collector shall send to each taxpayer by certified mail, with return receipt requested, the notice prescribed herein, provided that in cities containing a population of over fifty thousand persons, the tax collector may either send this notice by certified mail or may make personal or domiciliary service on the taxpayer. In the event the certified notice is returned as being undeliverable by the post office, the tax collector may comply with Article 7 Section 25 of the Constitution of Louisiana and the provisions of this Section by advertising the tax debtor’s property in the advertising required for unknown owners in Subsection C of this Section. After the tax collector shall have completed the service by the notices herein required, either by mail or by personal or domiciliary service, he shall make out a proces verbal stating therein the names of delinquents so notified, their post office addresses, a brief description of the property, the amount of taxes due and how the service of notice was made. Such proces verbal shall be signed officially by him in the presence of two witnesses and filed, in the parishes other than the parish of Orleans, in the office of the clerk of court for recording and preservation. In the parish of Orleans, such proces verbal shall be filed in the office of the state tax collector for the city of New’ Orleans and preserved for record. This proces verbal shall be received by the courts as evidence. The tax collector shall be entitled to collect actual mailing costs of each certified, with return receipt, notice, and mileage shall be charged for service of this notice. A like charge will be made if the property is adjudicated to the state or any subdivision thereof.
*13 C. The tax collector shall publish one general notice substantially in the form set forth herein, addressed to all unknown owners of assessed immovable property situated in his parish, and to' nonresident owners of such property whose post office address is unknown, in which he shall describe the property as described in the tax roll. Such notice shall be published once a week for two weeks in a newspaper published in his parish, or if there be none published in the parish, then such notice shall be given in the manner provided by law for judicial sales. He shall pay for the publication, and shall be entitled to collect as costs therefor the pro rata share of the publication costs from each unknown owner or from the property assessed to him. The collector shall certify on his tax rolls |sthat he has published the notices, and the certificate on either roll shall make full proof thereof until disproved in a judicial proceeding.
D. Within thirty days after the tax sale, or as soon thereafter as possible, the tax collector shall research the records of the clerk of court for transfers on all property sold. Within thirty days of finding a transfer of any property sold at a tax sale, the tax collector shall attempt to serve the new owner with a certified notice that the property was sold and include in the notice the amount necessary to redeem the property. This notice shall also advise the owner that the property may be redeemed at any time within three years from the date of recordation of the sale. This shall serve as the required notice to the record owner in Subsection A of this Section.
It is not disputed that PTC, the delinquent tax debtor and record owner of the property at the time the tax sale proceedings were initiated by the mailing of the notice of delinquency, received legally effective notice under the aforementioned constitutional provision and La. R.S. 47:2180. The issue in this case is whether the tax collector was required to send notice of the sale to Mr. Custer, personally, as the record owner of the subject property on the day the tax sale took place, but who was not the tax debtor or record owner of the subject property at the time the sale proceedings were initiated under La. R.S. 47:2180.
According to paragraph (D) of La. R.S. 47:2180, the answer is yes, but that duty does not arise until after the tax sale takes place. That paragraph, quoted in full above, requires the Sheriff to search the conveyance records “[wjithin thirty days after the tax sale, or as soon thereafter as possible” to discover transfers of the property sold, and “[wjithin thirty days of finding a transfer of any property sold at a tax sale, the tax collector shall attempt to serve the new owner with a certified notice that the property was sold and include in the notice the amount necessary to redeem the property.” Mr. Custer’s affidavit, offered in opposition to the motion for summary judgment, states that he “has never received notice addressed to him of the tax sale of June 13, 2007, either before or after the property. was sold.” This affidavit places the Sheriffs compliance with paragraph (D) of La. R.S. 47:21801 Ssquarely at issue, which indicates a possible irregularity in the tax sale. The burden then shifted to Gala to present evidence that the Sheriff attempted to notify Mr. Custer as the new owner of the subject property pursuant to La. R.S. 47:2180(D); in other words, to rebut Mr. Custer’s evidence of a possible irregularity in the tax sale. Gala responded with the certified mail return receipt showing that PTC was sent notice of the tax sale prior to the sale taking *14 place, which met Gala’s burden only with regard to pre-tax sale notice to PTC under La. R.S. 47:2180(A)(l)(a). Gala did not offer any evidence regarding whether the Sheriff attempted to notice Mr. Custer after the tax sale, as is clearly required by La. R.S. 47:2180(D) and La. C.C.P. art. 967. Accordingly, Gala has not borne its burden of proof, as a genuine issue of material fact remains outstanding, and Gala is therefore not entitled to judgment as a matter of law.[3]
[4]
Accordingly, following our de novo review of the record of this proceeding in light of the applicable law, we find that existence of a genuine issue of material fact, as to whether the Sheriff attempted to provide Mr. Custer with notice of the tax sale after the tax sale pursuant to La. R.S. 47:2180(D), precludes summary judgment in favor of Gala at this time.

\ SECOND ASSIGNMENT OF ERROR

Notice to the mortgagee

Next, Mr. Custer argues that the trial court erred in failing to consider that the Sheriff did not send a notice of delinquency to the mortgagee. The law is clear that because “mortgagees possess a substantial property interest that is significantly affected by a tax sale,” they are “entitled to notice reasonably calculated to apprise him of a pending tax sale.” Smitko, supra, citing Mennonite Bd. Of Missions v. Adams, 462 U.S. 791, 108 S.Ct. 2706, 77 L.Ed.2d 180 (1988). In the present case, however, the mortgagee was not entitled to pre-tax sale notification because it was granted the mortgage by Mr. Custer, the subsequent purchaser, not by PTC, the tax debtor. Regardless, in this case, a default judgment was rendered against the mortgagee, which the mortgagee has not appealed or otherwise challenged. Accordingly, this issue is not properly before this Court for review in this appeal.

THIRD ASSIGNMENT OF ERROR

Tax deed as prima facie evidence of validity of tax sale
Finally, Mr. Custer argues that the trial court erred in accepting the tax deed, of *15 fered by Gala, as prima facie evidence of the regularity of the tax sale. As stated above, La. Const, art. VII, § 25(A)(1) provides that the “tax deed by a tax collector shall be prima facie evidence that a valid sale was made.” Thus, the trial court did not err in accepting the tax deed as prima facie evidence. The opponent of the motion must then offer evidence sufficient to rebut the presumption of regularity, which we have found that Mr. Custer has successfully done with his affidavit. It then became the burden of the tax purchaser, Gala, to go forward and prove that all requisites for a valid tax sale were complied with, which, as noted above, Gala has not done.

^CONCLUSION

For the foregoing reasons, the summary judgment granted in favor of Gala is hereby vacated, and the matter is remanded to the trial court for further proceedings consistent with this opinion.

VACATED AND REMANDED

. The record indicates that this was rental property, not Mr. Custer's home.

. La. R.S. 47:2180 was repealed in 2008. It was substantially reenacted as La. R.S. 47:2153 the same year.

. Gala argues that constitutional due process does not require post-tax sale notice of the sale to the record owner, citing Hamilton v. Royal Int’l Petroleum Corp., 05-846 (La.2/22/06), 934 So.2d 25. However, that case's applicability to the present case is not clear at this procedural juncture. First, we note that Hamilton was decided after a trial on the merits, not on summary judgment. Further, at issue in Hamilton was whether the lack of post-tax sale notice required by La. R.S. 47:2180(A)(1)(b), which goes to the delinquent tax payer (here, PTC), required the nullification of the tax sale. At issue in the present case is whether the lack of the post-tax sale notice due a new owner (here, Mr. Custer) under La. R.S. 47:2180(D), as he was not the delinquent tax payer but was the subsequent purchaser of the property prior to the tax sale but after tax sale proceedings were initiated, is an irregularity in the tax sale sufficient to nullify the tax sale.

. Gala also argues that the mailed notice to PTC passes constitutional muster as notice to Mr. Custer individually because actual notice is not required, but rather notice reasonably calculated to apprise the owner of the tax sale. Gala argues, therefore, that Mr. Custer, as sole and managing member of PTC, also received actual notice or "reasonably calculated notice” of the tax sale. First, La. C.C. art. 24 is clear that the personality of a juridical person is distinct from that of its members. Second, while the pre-tax sale notice sent to PTC passes constitutional muster as per PTC, nowhere has it been shown in this case that PTC had actual notice of the sale, as the notice’s return receipt was signed by a person who was not a member of PTC. Third, the notice sent by the Sheriff’s Office was addressed to PTC Family Investments, LLC. Nothing on the mailed notice indicates that the Sheriff’s Office knew that Mr. Custer personally or any other particular individual had an interest in the property or was notified thereby.